JACK DURAN, JR. SBN 221704
LYLE D. SOLOMON, SBN 226025
DURAN LAW OFFICE
4010 FOOTHILLS BLVD
S-103, N.98
ROSEVILLE, CA 95747
916-77903316 (OFFICE)
916-520-3526 (FAX)
DURANLAW@YAHOO.COM

ATTORNEYS FOR
GRINDSTONE INDIAN RANCHERIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRINDSTONE INDIAN RANCHERIA, a federally recognized INDIAN TRIBE<br><br>Plaintiff,<br><br>vs.<br><br>TERRENCE OLLIFF and DOES 1-50<br><br>Defendants | Case No.: 2:17-cv-02292-JAM-EFB<br><br>STIPULATION AND [~~PROPOSED~~] *JAM*<br>ORDER ALLOWING THE FILING OF A FIRST AMENDED COMPLAINT AND CHANGE OF CASE CAPTION |

**Whereas**, on October 31, 2017, Plaintiff, Grindstone Indian Rancheria and tribal members filed their initial complaint in this matter for trespass and land related claims.

STIPULATION AND [PROPOSED] ORDER ALLOWING THE FILING OF A FIRST AMENDED COMPLAINT AND CHANGE OF CASE CAPTION

**Whereas,** Defendant filed their answer on November 15, 2017. Their answer included information indicating that the Olliff Family trust held the property at issue in the dispute and that Dianne L. Olliff was also a trustee of the Olliff Family Trust, in addition to Terrance Olliff. This information was confirmed with Defendants Counsel, David Griffith.

**Whereas,** Plaintiff seeks to file a First Amended Complaint ("FAC").

**Whereas,** a copy of the proposed complaint and case caption change is attached as Exhibit "A", said FAC merely adds one (1) additional party, Dianne L. Olliff and the Olliff Family Trust, with both Dianne L. and Terrance as Co-trustees, and clarifies that Defendants Dianne and Terrance Olliff are trustees of the Olliff Family Trust.

It is hereby stipulated between the Parties, by and through their respective counsels,

1. Plaintiff should be allowed to file their First Amended Complaint, attached as Ex A.

2. Defendant's responsive pleading is due thirty (30) days after the filing of Plaintiffs FAC.

3. All prior Court orders and schedules shall remain in force and effect.

    Respectfully Submitted,

DURAN LAW OFFICE

Dated:

By: __/s/ Jack Duran___
      Jack Duran
      Attorneys for Plaintiff
      GRINDSTONE INDIAN RANCHERIA


GRIFFITH AND HORN, LLP

Dated:

By:/S/ David R Griffith_____

STIPULATION AND [PROPOSED] ORDER ALLOWING THE FILING OF A FIRST AMENDED COMPLAINT AND CHANGE OF CASE CAPTION

David R. Griffith
Attorney for Defendants Terrance and
Dianne Olliff and Olliff Family Trust

STIPULATION AND [PROPOSED] ORDER ALLOWING THE FILING OF A FIRST AMENDED COMPLAINT AND CHANGE OF CASE CAPTION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRINDSTONE INDIAN RANCHERIA, a federally recognized INDIAN TRIBE<br><br>Plaintiff,<br><br>vs.<br><br>TERRENCE OLLIFF and DOES 1-50<br><br>Defendants | Case No.: 2:17-cv-02292-JAM-EFB<br><br>STIPULATION AND [~~PROPOSED~~] ORDER ALLOWING THE FILING OF A FIRST AMENDED COMPLAINT AND CHANGE OF CASE CAPTION |

## [PROPOSED] ORDER

The Court having reviewed the foregoing Stipulation, and good cause appearing therefore: IT IS HEREBY ORDERED that Plaintiff, Grindstone Indian Rancheria et al, is granted leave to amend to file their First Amended Complaint for Damages, a copy of which is attached hereto as Exhibit "A."

IT IS ALSO ORDERED that Defendant's responsive pleading shall be due thirty (30) days after the First Amended Complaint for Damages is filed.

IT IS FURTHER ORDERED that the First Amended Complaint for Damages is deemed filed as of the date this Order is transmitted via the CM/ECF system.

STIPULATION AND [PROPOSED] ORDER ALLOWING THE FILING OF A FIRST AMENDED COMPLAINT AND CHANGE OF CASE CAPTION

It is FURTHER ORDERED that all prior orders issued by the Court remain in full force and effect.

Dated: 3·7·2018

_____
Judge of the Eastern District Federal District Court

STIPULATION AND [PROPOSED] ORDER ALLOWING THE FILING OF A FIRST AMENDED COMPLAINT AND CHANGE OF CASE CAPTION

# EX. A

```
 1  Jack Duran, Jr. SBN 221704
    Lyle D. Solomon, SBN 226025
 2  4010 foothills Blvd
    S-103, N.98
 3  Roseville, CA 95747
 4  916-770-3316 (Office)
    916-520-3526 (Fax)
 5  duranlaw@yahoo.com
 6
                        UNITED STATES DISTRICT COURT
 7
                        EASTERN DISTRICT OF CALIFORNIA
 8
 9  GRINDSTONE INDIAN RANCHERIA and          Case No.: 2:17-cv-02292-JAM-EFB
    ONE HUNDRED PLUS MEN, WOMEN AND
10  CHILDREN LIVING ON THE GRINDSTONE
    INDIAN RESERVATION
11                                           FIRST AMENDED COMPLAINT FOR
                                             WILLFUL AND NEGLIGENT TRESPASS,
          Plaintiff,                         INTENTIONAL AND NEGLIGENT
12                                           INFLICTION OF EMOTIONAL
13  vs.                                      DISTRESS; CONVERSION:
                                             DECLARATORY, INJUNCTIVE RELIEF
14  TERRENCE OLLIFF, individually and as a   AND DAMAGES;
    beneficiary/trustee of the Olliff Family Trust, DIANE
15  L. OLLIFF, individually and as a beneficiary/trustee of
    the Olliff Family Trust AND DOES 1-10,
16
          Defendant
17
18
19  1.    Plaintiff, the Grindstone Indian Rancheria and its tribal membership, brings this Complaint,
20        alleging as follows:
21
                              JURISDICTION AND VENUE
22
23  2.    Subject matter jurisdiction arises under 25 U.S.C. § 345, 18 U.S.C. § 1151, and 28 U.S.C
24        § 1362 as this action pertains to the property/land allotment rights of federal land held in trust by
25        the United States government which has been allotted/leased to Plaintiff, a federally recognized
26        Indian Tribe. This Court has jurisdiction pursuant to the Declaratory Relief Act 28 U.S.C. §2201
27
        FIRST AMENDED COMPLAINT FOR WILLFUL AND NEGLIGENT TRESPASS, INTENTIONAL AND
28      NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; CONVERSION: DECLARATORY, INJUNCTIVE
                                    RELIEF AND DAMAGES; - 1
```

et seq. This Court has supplemental jurisdiction over any claims in the Complaint arising under the laws of the State of California pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper as all of the events and/or omissions, property, trespasses and encroachments giving rise to this action occurred in this judicial district, and venue is therefore proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

4. Plaintiff Grindstone Indian Rancheria is a federally-recognized Indian Tribe listed in the Notice published in the Federal Register as required by the Federally Recognized Indian Tribe List Act of 1994 ("List Act"), 25 U.S.C. § 479a, et seq., entitled Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs, and is organized pursuant to the Constitution and Bylaws of the Grindstone Indian Rancheria, dated June 27, 1971. Plaintiffs reservation consists of one-hundred plus men, women and children who live and work on the reservation.

5. Defendant, Terrence Olliff, individually and as beneficiary or trustee of the Oliff Family Trust, own/occupy/control/possesses land, that is directly adjacent to the Grindstone Indian Rancheria's trust land at issue in this action.

6. Defendant, Dianne L. Oliff, individually and as beneficiary or trustee of the Oliff Family Trust, own/occupy/control or possess and is a beneficiary and trustee of the Oliff Family trust, owning land that is directly adjacent to the Grindstone Indian Rancheria's trust land at issue in this action.

FIRST AMENDED COMPLAINT FOR WILLFUL AND NEGLIGENT TRESPASS, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; CONVERSION: DECLARATORY, INJUNCTIVE RELIEF AND DAMAGES; - 2

8. Doe Defendants are unknown at this time but are alleged to be the agents of or took direction from Defendants Olliff in furtherance of his acts against Plaintiffs. As soon as DOE defendants are identified Plaintiff shall add them to this case as proper defendants.

**FACTS RELATED TO ALL CAUSES OF ACTION**

7. The Tribe's Reservation is located on 120 acres of land, in federal trust, located in Elk Creek, Glenn County, California. One hundred plus tribal members, men women and children call the reservation home.

8. In 2011, the Bureau of Land Management (BLM) conducted a survey of the Grindstone Rancheria federal trust lands. The results of the survey were mailed to the Tribe and Mr. Terrence and Dianne Olliff, a landowner whose lands abutt the Reservation. Pursuant to the survey Defendants Olliff was required to respond by a certain time if he objected to the survey's conclusions as to the land boundaries. Mr. Oliff never responded or objected within the required time as required by the BLM.

9. Thereafter, Terrence Olliff embarked and continues to embark on a pattern of domestic terrorism towards the Tribe and its membership. Mr. Olliff has torn down fences that are consistent with the BLM boundary lines; confiscated trust lands and claimed them as his; he has trespassed on trust lands and moved and taken tribal property; yelled obscenities at tribal members and employees, including tribal children; created roads on tribal trust land without the Tribe's permission and diverted water that belongs to the Tribe.

10. In 2014, Terrence Olliff filed a frivolous lawsuit in Glenn County Superior Court alleging a Grindstone employee caused him emotional distress. In reality the suit was an attempt to circumvent the Tribe's sovereign immunity and embroil the Tribe in litigation. When Mr. Olliff's counsel discovered his history of acts and threats against the Tribe, employees and members, his attorney agreed to dismiss the lawsuit as frivolous. (Ex. B, complaint and C, Dismissal). Since the dismissal Mr. Olliff continues to trespass, threaten tribal members, employees and guests and has appropriated a strip of land he claims title and interest as against the Tribe.

11. On or about October 26, 2017, Defendant Terrence Olliff accused Grindstone Rancheria Chairman, Ronald Kirk, of trespassing on "his" land, when the land he claims is "his" is actually in trust for the benefit of the Tribe as noted in the 2012 BLM survey.

## FIRST CLAIM FOR RELIEF

### (Willful Trespass)

12. Plaintiff is, and at all times mentioned in this Complaint was, the owner/occupier/possessor/controller/beneficial owner of that real property (held in trust by the United States government) known as the Grindstone Indian Rancheria, situated in Elk Creek, Glenn County, California.

13. Defendant Olliff is, and at all times mentioned in this Complaint was, the owner/occupier/possessor/controller of that real property situated in Glenn County that abuts the reservation trust lands at issue in this case.

FIRST AMENDED COMPLAINT FOR WILLFUL AND NEGLIGENT TRESPASS, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; CONVERSION: DECLARATORY, INJUNCTIVE RELIEF AND DAMAGES; - 4

14. The above-described properties of Plaintiff and defendant adjoin each other and share common property boundaries. The boundaries have been conclusively verified via the determinations of the United States Bureau of Land Management, as described in EXHIBIT A.

15. Plaintiff is ignorant of the true names and capacities of defendants sued in this complaint as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named defendants is responsible in some manner for the construction, maintenance, ownership, control, encroachment, trespass, and/or existence of the property rights violation on Plaintiff's land as alleged in this Complaint.

16. Plaintiff has become aware that Defendant Terrence Olliff and or their agent knew and/or caused a fence/gate to be built on Plaintiff's property, Defendant has repeatedly moved and stored equipment belonging to Plaintiff within the encroached upon Property, and has diverted water from a creek on Plaintiff's property. Such encroachments, thefts and trespasses on Plaintiff's property by extending over the boundary between Plaintiff's and Defendant's properties and onto Plaintiff's land is without Plaintiff's consent.

17. Defendant Terrence Olliff has willfully and intentionally encroached upon, trespassed upon, and obstructed Plaintiff's use and enjoyment of its property as described in this complaint. Plaintiff repeatedly advised Defendant (via counsel) in writing and otherwise that he was trespassing and encroaching on Plaintiff's land. Defendant even received confirmation of Plaintiff's property rights from the Bureau of Land Management. Defendant never appealed the conclusive determinations of the Bureau of Land Management as set forth in Exhibit A.

FIRST AMENDED COMPLAINT FOR WILLFUL AND NEGLIGENT TRESPASS, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; CONVERSION: DECLARATORY, INJUNCTIVE RELIEF AND DAMAGES; - 5

Accordingly, Defendant Terrence Olliff knew or should have known that such encroachment, trespass, and obstruction on Plaintiff's property were in violation of Plaintiff's right to free enjoyment and use of its property.

18. Such encroachment, trespass, and obstruction clouds the title to Plaintiff's property and Plaintiff has suffered damages for the loss of use of such land in an amount to be proven at trial. As a proximate result of this action, Plaintiff has suffered and will continue to suffer damages for loss of the use of the area as long as Defendant continues with his encroachment, trespass, control and obstruction of Plaintiff's property, including violation of Plaintiff's water rights.

19. In causing these violations of Plaintiff's property rights, Defendant Terrence Olliff acted maliciously and oppressively toward Plaintiff in that at all times prior to, during, and after Defendant Terrence Olliff caused such violations, Defendant had knowledge of the location of the common boundary lines. Furthermore, in willful and conscious disregard of Plaintiff's rights, defendant continues to allow such violations of property rights to continue. Plaintiff therefore has suffered exemplary and punitive damages because of Defendant's actions in an amount to be proven at time of trial.

20. Unless Defendant Terrence Olliff is compelled to remove the encroachments, cease from trespassing, controlling, and encroaching on Plaintiff's property and violating Plaintiff's water rights, Plaintiff will suffer irreparable injury in that the continuing actions could ripen into adverse prescriptive property rights.

## SECOND CLAIM FOR RELIEF

### (Negligent Trespass)

21. Plaintiff incorporates in this Second Claim for Relief Paragraphs 1-20, inclusive.

22. In causing such encroachments and trespassing on and obstruction of Plaintiff's property rights, Defendant Terrence Olliff acted negligently and carelessly and in complete disregard of the true and conclusive location of the boundary lines between Plaintiff's and Defendant's properties.

23. As a proximate result of the negligence and the resulting trespass, Plaintiff has suffered damages from the loss of use and enjoyment of the property encroached upon, trespassed on, or obstructed in an amount to be proven at time of trial.

### THIRD CLAIM FOR RELIEF
Conversion
(All Defendants)

24. Plaintiff incorporates by reference all allegations contained in Paragraphs 1-23 of this Complaint as though fully set forth herein at length.

25. Plaintiff alleges that at all times it had a right to possess the trust lands and that Defendants wrongfully interfered with Plaintiff's right to possess the lands, by occupying the lands, placing personal items and trash on the lands including old vehicles and or converting a portion of the land to their own wrongful uses.

26. Defendant Terrence Olliff prevented Plaintiff from having the right to possess the trust land and Plaintiff did not consent to Defendants' wrongful possession. Plaintiff has demanded they vacate the premises and pay damages for their unlawful use on several occasions.

27. As a result of Defendants' Terrence Olliff's wrongful conversion of the property, Plaintiff suffered harm, in an amount to be determined at trial, Defendants being a substantial cause of Plaintiff's harm.

//

## FOURTH CLAIM FOR RELIEF
Intentional Infliction of Emotional Distress
(All Defendants)

28. Plaintiff incorporates by reference all allegations contained in Paragraphs 1-27 of this Complaint as though fully set forth herein at length.

29. Defendant, Terrance Olliff, is and at all times herein mentioned was, a resident of Glenn County, California. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES I through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

30. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the DOE defendant sued herein was the agent and employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment.

31. Defendant Olliff and DOE Defendants by act intended to inflict emotional distress upon Plaintiff and Plaintiffs members, employees and guests via verbal threats, racial epithets and threats of violence specific to members, employees and guests to the Grindstone Indian Rancheria. Said conduct was intentional and malicious and done for the sole purpose of causing Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

32. As a further proximate result of defendant Olliff's actions and the consequences proximately caused by it, as hereinabove alleged, plaintiff suffered severe humiliation, mental

anguish, and emotional and physical distress, and has been injured in mind and body as follows: damages in the sum to be determined at trial based on proof.

### FIFTH CLAIM FOR RELIEF
Negligent Infliction of Emotional Distress
(All Defendants)

33. Plaintiff incorporates by reference all allegations contained in Paragraphs 1-32 of this Complaint as though fully set forth herein.

34. Defendant Terrence Olliff by act negligently inflicted emotional distress upon Plaintiff and Plaintiffs tribal members employees and guests via verbal threats, racial epithets and threats of violence specific to members, employees and guests to the Grindstone Indian Rancheria. Said conduct was intentional and malicious and done for the sole purpose of causing Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

35. As a further proximate result of Defendant Terrence Olliff's actions and the consequences proximately caused by it, as hereinabove alleged, plaintiff suffered severe humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body as follows: damages in the sum to be determined at trial based on proof.

### SIXTH CLAIM FOR RELIEF
Civil Harassment Ca Civ. Code 527.6
(All Defendants)

36. Plaintiff incorporates the above paragraphs 1-35 as set forth herein.

37. Plaintiff Terrence Olliff's course of conduct over the last five (5) years is a pattern of conduct composed of a series of acts over a period of time that threaten, stalk, batter, humiliate

and threaten acts of violence against the Tribe, members, guests and employees. Said acts are not protected by the first amendment to the United States constitution.

### SEVENTH CLAIM FOR RELIEF
Declaratory Judgement 28 U.S.C. §2201 et seq.

38. Plaintiff incorporates by reference and re-avers each and every paragraph 1-37 above.

39. An actual and substantial controversy exists between Plaintiff and Defendants Terrence and Diane Olliff concerning the possession of the land. Plaintiff has provided evidence of his possessory interest in land, while Defendants continues to trespass upon the lands committing waste.

40. An actual and substantial controversy exists between the parties concerning their substantive legal rights and duties. Plaintiff contends that as the land is in trust, under the governance of the Land Ordinance and that he retains the rights and privileges over the use of the land and requests the Court issue a declaratory judgment to that effect. Therefore, declaratory relief is appropriate under 28 U.S.C. §2201 et seq.

### PRAYER FOF RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a permanent injunction compelling Defendant to remove the encroachments, cease from trespassing on, and obstructing any property rights (including violating Plaintiff's water rights) described in this Complaint in respect to Plaintiff's property and to restore Plaintiff's property to its condition immediately prior to such actions of Defendant.

2. A permanent injunction restraining Defendant from intimidating, threatening and /or violence and racial epithets toward the Tribe, its members, employees and guests pursuant to CA Civil Code 527.6.

3. For general damages.

FIRST AMENDED COMPLAINT FOR WILLFUL AND NEGLIGENT TRESPASS, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; CONVERSION: DECLARATORY, INJUNCTIVE RELIEF AND DAMAGES; - 10

4.  For exemplary and punitive damages.

5.  For costs of suit incurred by this Complaint.

6.  For a declaratory judgment that the property as identified by the BLM are the true and correct markers for purposes of identifying the boundaries of the Grindstone Indian Rancheria

6.  For other and further relief as the court deems proper.

DURAN LAW OFFICE

Dated: 3/6/2018

By: /s/ Jack Duran
Jack Duran Attorneys for Plaintiff
GRINDSTONE INDIAN
RANCHERIA et al

FIRST AMENDED COMPLAINT FOR WILLFUL AND NEGLIGENT TRESPASS, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; CONVERSION: DECLARATORY, INJUNCTIVE RELIEF AND DAMAGES; - 11

## CERTIFICATE OF SERVICE

I certify that on March 7, 2018, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record via the court's electronic filing system.

        /S/Jack Duran Jr.
        Jack Duran, Jr.

Case 2:17-at-01151   Document 1-1   Filed 10/31/17   Page 1 of 2



# United States Department of the Interior

BUREAU OF LAND MANAGEMENT
California State Office
2800 Cottage Way, Suite W1623
Sacramento, CA 95825
www.ca.blm.gov

August 16, 2012

*In Reply Refer to:*
9600 (CA942)
Gp1632

Mr. Terrence Olliff
3580 County Road 305
Orland, CA 95963

Re: Inquiry Regarding the 2011 BLM Resurvey of the Grindstone Rancheria

Mr. Olliff:

This is in reply to your letter of August 8, 2012, and your questions regarding the center south 1/16 section corner of section 15 in Township 21 North, Range 6 West, Mount Diablo Meridian. This corner also functions as a corner of the Grindstone Rancheria.

The materials you submitted to this office for review were considered when our resurvey was executed in 2011. The acceptance or rejection of the remnants of the cedar post set by Thomas Knock in 1893 (found at the base of the fence corner on the west side of the road) as marking the center south 1/16 corner of section 15, is a point of disagreement between our survey and George Pride's 1974 and 1976 surveys. The reasons and justification for accepting the 1893 corner and rejecting Pride's calculated corner are contained in the field notes accepted September 14, 2011. Enclosed is a copy of the field notes for your consideration. Please refer to page 14 of this document regarding the corner in question.

With the acceptance of Knock's center south 1/16 corner, the monuments set during the 1976 survey by Pride to mark the corners of Parcel 2, were accepted during our resurvey as marking the corners of said parcel, but not as points on the north and south centerline of the section. The Grindstone Rancheria consists of two parcels of land: the aforementioned Parcel 2, and the south 1/2 of the southeast quarter of section 15. The latter parcel was created in 1892 as part of the Vandeford estate, and was one of several parcels created simultaneously in section 15, based on Knock's survey. Given the length of local acceptance and occupation to Knock's center south 1/16 corner (83 years prior to the Pride survey) and the approval of this resurvey on September 14, 2011, it is the Bureau's opinion that Knock's corner, not Pride's calculated point, is the center south 1/16 corner and therefore the northwest corner of that portion of the Grindstone Rancheria.

If you disagree with this resurvey, you have the right to protest any decision of this office which is adverse to your interests.

In past and current practice, the Bureau of Land Management accepts "written protests against specific corners and/or lines of official resurveys and surveys" as conducted by the Cadastral Survey staff and accepted by the Bureau. The Bureau carefully considers all evidence and data submitted with any such protest, along with the official record of the survey being protested, and the protestor is notified of the decision by this office.

Should you decide to pursue such a protest, please be advised that the protest must be filed with this office no later than 60 days after receipt of this letter. A statement which clearly expresses your reasons for believing that the Bureau's resurvey is erroneous must accompany your notice of protest, along with any additional evidence you can provide in support of your protest. This does not include the materials accompanying your inquiry of August 8, 2012, as that evidence was already evaluated in the resurvey.

Please be aware that the burden of proving a government survey to be in error is upon the person who challenges the survey. It is well established in law that an appellant challenging a Government resurvey has the burden of establishing by a preponderance of evidence that the resurvey is not an accurate retracement or reestablishment of the original survey. Consequently, it is imperative that you precisely state your reasons for disagreeing with the survey. It is essential that any such statements of reasons be solidly based on facts. It is important to identify specific corners and/or lines in contention and to include explicit facts pertaining to the items objected to, together with all available substantiation and documentation. Generalities, accusations, and claims based on adverse possession against the United States are not proper criteria for protest and should be avoided.

I hope this answers your concerns regarding this corner. If you have any further questions or concerns regarding this survey, please do not hesitate to contact Ronald Schulz at (916) 978-4338, and he will answer any further questions you may have.

Sincerely,

Lance J. Bishop
Chief Cadastral Surveyor, California