David R. Griffith, Esq. (SBN 170172)
GRIFFITH & HORN, LLP
1530 Humboldt Road, Suite 3
Chico, CA 95928
Telephone: (530) 812-1000
Email: david@davidgriffithlaw.com

Attorney for Defendants,
TERRENCE OLLIFF and DIANNE L. OLLIFF,
Individually and as Trustees of the Olliff Family Trust

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### (Sacramento Division)

| | |
|---|---|
| GRINDSTONE INDIAN RANCHERIA and ONE HUNDRED PLUS MEN, WOMEN AND CHILDREN LIVING ON GRINDSTONE INDIAN RESERVATION, )<br><br>Plaintiff, )<br><br>vs. )<br><br>TERRENCE OLLIFF, individual and as a beneficiary/trustee of the Olliff family Trust;)<br>DIANNE L. OLLIFF, individually and as a beneficiary/trustee of the Olliff family Trust;)<br>DOES 1-10, )<br><br>Defendants. )<br>_____) | Case No. 2:17-CV-02292-JAM-EFB<br><br>**ORDER ALLOWING THE FILING OF AN AMENDED ANSWER AND COUNTERCLAIM, AND REQUEST FOR JURY TRIAL** |

## ORDER

The Court having reviewed the foregoing Stipulation, and good cause appearing therefore:

IT IS HEREBY ORDERED that Defendants, TERRANCE OLLIFF, et al., are granted leave to amend and file their Amended Answer and Counterclaim, and Request for Jury Trial, a copy of which is attached hereto as **Exhibit "A"**.

IT IS ALSO ORDERED that Plaintiff's responsive pleading to the Counterclaim is due thirty (30) days after the filing of Defendants' Amended Answer and Counterclaim, and Request for Jury Trial.

IT IS FURTHER ORDERED that the Amended Answer and Counterclaim is deemed filed as of the date this Order is transmitted via the CM/ECF system.

IT IS FURTHER ORDERED that all prior orders issued by the Court remain in full force and effect.


Dated:   4/6/2018                         /s/ John A. Mendez_____

                                          U. S. District Court Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "A"

David R. Griffith, Esq. (SBN 170172)
GRIFFITH & HORN, LLP
1530 Humboldt Road, Suite 3
Chico, CA 95928
Telephone: (530) 812-1000
Email: david@davidgriffithlaw.com

Attorney for Defendants,
TERRENCE OLLIFF and DIANNE L. OLLIFF,
Individually and as Trustees of the Olliff Family Trust

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### (Sacramento Division)

| | |
|---|---|
| GRINDSTONE INDIAN RANCHERIA and ONE HUNDRED PLUS MEN, WOMEN AMD CHILDREN LIVING ON GRINDSTONE INDIAN RESERVATION, ) ) ) ) | Case No. 2:17-CV-02292-JAM-EFB |
| Plaintiff, ) ) | **AMENDED ANSWER AND COUNTERCLAIM** |
| vs. ) | |
| TERRENCE OLLIFF, individual and as a beneficiary/trustee of the Olliff family Trust;) DIANNE L. OLLIFF, individually and as a beneficiary/trustee of the Olliff family Trust;) DOES 1-10, ) ) | **REQUEST FOR JURY TRIAL** |
| Defendants. ) | |

Defendants TERRENCE OLLIFF and DIANNE L OLLIFF, individually and as Trustees

of the Olliff Family Trust, answer the FIRST AMENDED COMPLAINT ("Complaint") filed

herein by Plaintiff GRINDSTONE INDIAN RANCHERIA as follows:

///

///

**AMENDED ANSWER AND COUNTERCLAIM** - 4-          Case No. 2:17-CV-02292-JAM-EFB

## ANSWER

1.     In answer to paragraph 1 of the Complaint, Defendants admit that Plaintiff GRINDSTONE INDIAN RANCHERIA is a real party in interest as a Federally Recognized Indian Tribe listed on the Federal Register.   However, Defendant lacks sufficient information or belief as to identity of the alleged "tribal membership" that Plaintiff seeks to bring the purported claims as a class and on that basis denies said allegations.

2.     In answer to paragraph 2 of the Complaint, Defendants deny that this Court has subject matter jurisdiction under 25 U.S.C. § 345, 18 U.S.C. § 1151,28 U.S.C. § 1362, 28 U.S.C. § 2201, or 28 U.S.C. § 367(a), because the strip of land in question is, and has been the private property belonging to Defendant for almost four decades and before Plaintiff purchased the appurtenant parcels and: (a) is not an allotment or any parcel of land to which Plaintiff may claim to be lawfully entitled by virtue of any Act of Congress as provided for under 25 U.S.C. § 345; (b) is not "Indian country" as that term is defined by 18 U.S.C. § 1151; (c) does not involve a controversy arising under the Constitution, laws, or treaties of the United States; (d) does not involve a controversy within the jurisdiction of this Court required by 28 U.S.C. § 2201; and (e) this Court therefore lacks original jurisdiction as required by 28 U.S.C. § 367(a).

3.     In answer to paragraph 3 of the Complaint, Defendants deny that this Court is the proper venue for matter pursuant to 28 U.S.C. § 1391(b)(2) for lack of jurisdiction as set forth in the answer to the allegations of Paragraph 2 of the Complaint as set forth above and further assert that the proper venue for the matter is the Glenn County Superior Court where the property is located and Defendants reside.

4.     In answer to paragraph 4 of the Complaint, Defendants admit that Plaintiff GRINDSTONE INDIAN RANCHERIA is a real party in interest as a Federally Recognized

Indian Tribe listed on the Federal Register.   However, Defendant lacks sufficient information or belief as to identity of the alleged "tribal membership" that Plaintiff seeks to bring the purported claims as a class and on that basis denies said allegations.

5.   In answer to paragraphs 5 and 6 of the Complaint:

(a)   Defendants admit that TERENCE OLLIFF and DIANNE L OLLIFF, as Trustees of the Olliff Family Trust, own the real property commonly referred to as 3580 County Road 305, Orland, CA 95963, Glenn County, California, consisting of approximately 15 acres of agricultural land and a family residence more particularly described as:

"The East 396 Feet of the South 20 acres of the Northwest quarter and the east 396 feet of the North half of the Southwest quarter of Section 15, Township 21 North, Range 6 West, M.D.B. & M."

APN: 025-090-019-000 and 025-090-016-000 (the "Olliff Parcel")

(b)   Defendants assert that they acquired title to the Olliff Parcel in 1977.

(c)   Defendants are informed and believe and thereon allege that the Bureau of Indian Affairs owns the 80 acre parcel to the Southeast corner of the Olliff Parcel commonly referred to as 3600 County Road 305, Elk Creek, CA 95939, Glenn County Assessor Number 025-090-099-000 (referred to herein as the "Indian Reservation Parcel").   Defendants are informed and believe and thereon allege that the Bureau of Indian Affairs established the Indian Reservation Parcel in or about 1909.

(d)   Defendants are informed and believe and thereon allege that Plaintiff purchased and/or was provided title to approximately 20.03 acres of land appurtenant and to the east of the Olliff Parcel in or about 1993 commonly referred to as Glenn County Assessor Parcel Number 025-090-026-000 (referred to herein as the "Rancheria Parcel").   The Rancheria Parcel

is where Plaintiff has developed the housing for its Tribe.  Defendants admit that the Rancheria Parcel is adjacent to the Olliff Parcel at issue in this litigation.

(e)     Defendants allege that at the time Plaintiff obtained title to the Rancheria Parcel, Plaintiff did so with knowledge of recorded public survey by George Pride, License 3747, dated June 26, 1974, clearly showing the corner markers of the Olliff Parcel (the "Pride Survey'").

(f)     Defendants admit that in 2011, the Bureau of Land Management ("BLM") conducted a survey of the of the 80 acre Indian Reservation Parcel and the 20 acre Rancheria Parcel which was noticed for filing in the Federal Register on October 19, 2011 and subsequently filed in the Bureau of Land Management California State Office, Sacramento (the "BLM Survey").   Defendants allege that the BLM Survey shows location of the Olliff Parcel East property line in the same location as the 1974 Pride Survey, save and except, noting a small overlapping conflict of the Indian Reservation Parcel in its North West corner onto the South East corner of the Olliff Parcel containing approximately 40' x 26' square feet (referred to herein as the "Corner Conflict Area").  Defendants are informed and believe and thereon allege that the corner conflict was determined by the BLM Survey to be that the historical cedar post corner marker for the North West corner of the Indian Reservation Parcel was originally established by T.L. Knock, "LS 6", in his 1893 survey filed May 8, 1893, in Book 1 of Maps and Surveys, Page 39, Glenn County Recorder's Office, and is different in that it lays with the South East corner of the Olliff Parcel as set in 1974 by the Pride Survey establishing the corner marker position by more contemporary existent section control and the then current rules for subdividing sections.

Defendants admit that Defendants did not object to the survey of the Corner Conflict Area and such possession is that of Plaintiff as part of the 80 acre Indian Reservation Parcel.

(g)   Defendants are informed and believe and thereon allege that Plaintiff contends that the North West corner marker of the 80 acre Indian Reservation Parcel which is approximately 40 feet into the South East corner of the Olliff Parcel should be adjudicated to extend and run due north approximately 1,082 feet along the eastern boundary of the 20 acre Rancheria Parcel appurtenant to the Olliff Parcel to give Plaintiff approximately 43,500 square feet of the Olliff Parcel (the approximately 43,500 square feet is referred to herein as the "Disputed Area").

(h)   Defendants allege and contend that the Disputed Area is and has been for over 40 years, the property of Defendants, and that the BLM Survey did not and does not show the Disputed Area as being property of Plaintiff.

(i)   Defendants are informed and believe and thereon allege that in or about 2014, Plaintiff purchased the parcel to the south of the Olliff Parcel and west of the Indian Reservation Parcel commonly referred to as APN 025-090-008-000 (hereinafter referred to as the "Ball Filed"), for use as a baseball filed.  Since 1977, Defendants driveway access has been to the west off of County Road 305 through a portion of the Ball Field in the "Easement" area depicted below consisting of approximately 26 feet x 350 feet (the "Easement") with Defendants' fence line in the Ball Filed parcel approximately 26 feet.

(j)   For a period of five before any use by Plaintiff of the Disputed Area or Easement, and within five years prior to the filing of this action, Defendants have openly and notoriously with use of fences and occupation continuously and exclusively used and possessed same and claim they have established a prescriptive easement to the Easement area and that Plaintiff's acquisition of the Ball Field parcel is subject to the rights of Defendants in an to same.

(k)   Defendants contend and allege that Defendants title is based on Defendants' actual, open, notorious, exclusive, hostile, and adverse possession of the Olliff Parcel including the Disputed Area and Easement for five years preceding the commencement of this action, together with Defendants' payment of all taxes assessed against said real property for the same five years. Defendants are not aware of anyone else claiming and interest in and to the Disputed Area or Easement other than Plaintiff.

A summary of the parcels and areas described above are depicted below, not for the purpose of survey or to be scale, but for visual example only, as follows:



6.   In answer to paragraph 6 of the Complaint, Defendants lack sufficient information or belief to either admit or deny same and on that basis deny same.

7.   In answer to paragraph 7 of the Complaint, Defendants admits that Plaintiff occupies approximately 120 acres of land located in the Elk Creek, Glenn County, California area and that it has members including men, women and children who reside upon same and denies the balance of said allegations upon a lack of information or belief.

8.   In answer to paragraph 8 of the Complaint, Defendants admit that the BLM Survey was made in 2011 and published in the Federal Register and Defendant did not object as set forth in paragraph 5(f) above.   Defendants deny the balance of allegations not specifically admitted herein and alleges that the BLM Survey is construed or interpreted in the manner Plaintiff contends as set forth in paragraphs 5(g) above but should be construed and interpreted in the manner alleged by Defendants in Paragraph 5(h) above.

9.   In answer to paragraph 9 of the Complaint, Defendants deny the allegations, save and except, Defendants admit that Defendant TERENCE OLLIFF has yelled at occupants of the adjoining parcel to get off the Olliff Parcel including the Disputed Area, of which Defendants claims they are the rightful owner, and have moved fences placed in said area to the property line claimed by Defendants, and have done all things to occupy same including the use of path of travel on said property.   Defendants allege that the Disputed Area is that belonging to Defendants and not Plaintiff as more specifically set forth above.

10.   In answer to paragraph 10 of the Complaint, Defendants deny the allegations, save and except, Defendants admit that they filed a lawsuit in 2014 with the assistance of legal counsel in the Glenn County Superior Court against Steven Corkill for trespassing on the Olliff

Parcel including the Disputed Area, which was voluntarily dismissed "without prejudice" to save the costs of litigation as hostilities subsided.

11.     In answer to paragraph 11 of the Complaint, Defendants admit that Defendants have told agents of Plaintiff, whether they be Ronald Kirk, or others unknown to Defendants, to get off the Olliff Parcel including the Disputed Area, all of which Defendants claim they have a superior right to over that of Plaintiff and that Defendants are the rightful owner.

12.     In answer to paragraph 12 of the Complaint, Defendants admit that Plaintiff has the right of occupation to the Indian Reservation Parcel, including the Corner Conflict Area, and the Rancheria Parcel.  Defendants deny that Plaintiff has any right, title or interest in or to the Olliff Parcel or the Disputed Area within same, all of which Defendants claim they have a superior right to title and possession.

13.     In answer to paragraph 13 of the Complaint, Defendants admit that Defendants own the Olliff Parcel, including the Disputed Area but excluding the Corner Conflict Area, and that the Olliff Parcel is appurtenant to the Rancheria Parcel occupied by Plaintiff.   Defendants deny any further or other allegations not specifically admitted herein.

14.     In answer to paragraph 14 of the Complaint, Defendants admits that Defendants own the Olliff Parcel, including the Disputed Area but excluding the Corner Conflict Area, and that the Olliff Parcel is appurtenant to the Rancheria Parcel occupied by Plaintiff.   Defendants deny any further or other allegations not specifically admitted herein.   Defendants further deny that the BLM Survey established a property line within the Disputed Area of the Olliff Parcel as described in paragraph 5 above.

15.    In answer to paragraph 15 of the Complaint, Defendants lacks sufficient information or belief to answer the allegations set forth therein and on that basis deny said allegation.

16.    In answer to Paragraph 16 of the Complaint, Defendants deny the allegations, save and except, Defendants admits that: (a) Defendants maintain a fence along the property line of the Olliff Parcel to the east of the Disputed Area, of which Defendants claim they have a superior right to possession and title over that of Plaintiff; (b) Defendants have used water from Stony Creek which runs adjacent to the west side of the Olliff Parcel but has not done so for some time now.  Defendants lack sufficient information or belief as to the extent of water rights claimed by Plaintiff to water flowing in Stony Creek but denies the water flowing through Stony Creek is exclusive to Plaintiff.

17.    In answer to Paragraph 17 of the Complaint, Defendants deny the allegations, save and except, as admitted to the limited extent by way similar allegations addressed in the Defendants' answer in paragraph 5 above incorporated herein as though fully set forth.

18.    In answer to Paragraph 18 of the Complaint, Defendants deny the allegations and assert that Defendants have a superior right to possession and title to the Olliff Parcel including the Disputed Area but excluding the Corner Conflict Area as set forth in Defendants' answer in paragraph 5 above incorporated herein as though fully set forth.

19.    In answer to Paragraph 19 of the Complaint, Defendants deny the allegations and assert that Defendants have a superior right to possession and title to the Olliff Parcel including the Disputed Area but excluding the Corner Conflict Area as set forth in Defendants' answer in paragraph 5 above incorporated herein as though fully set forth.

20.   In answer to Paragraph 20 of the Complaint, Defendants deny the allegations and assert that Defendants have a superior right to possession and title to the Olliff Parcel including the Disputed Area as set forth in Defendants' answer in paragraph 5 above incorporated herein as though fully set forth.  Defendants admit that they have used water from Stony Creek which runs adjacent to the west side of the Olliff Parcel but has not done so for some time now.  Defendants lack sufficient information or belief as to the extent of water rights claimed by Plaintiff to water flowing in Stony Creek but denies the water flowing through Stony Creek is exclusive to Plaintiff.

21.   In answer to Paragraph 21 of the Complaint, Defendants incorporate the answers set forth in paragraphs 1 through 20 above, including subparagraphs, as fully set forth herein.

22.   In answer to Paragraph 22 of the Complaint, Defendants deny the allegations and assert that Defendants have a superior right to possession and title to the Olliff Parcel including the Disputed Area but excluding the Corner Conflict Area as set forth in Defendants' answer in paragraph 5 above incorporated herein as though fully set forth.

23.   In answer to Paragraph 23 of the Complaint, Defendants deny the allegations and assert that Defendants have a superior right to possession and title to the Olliff Parcel including the Disputed Area but excluding the Corner Conflict Area as set forth in Defendants' answer in paragraph 5 above incorporated herein as though fully set forth.

24.   In answer to Paragraph 24 of the Complaint, Defendants incorporate the answers set forth in paragraphs 1 through 23 above, including subparagraphs, as fully set forth herein.

25.   In answer to Paragraph 25 of the Complaint, Defendants deny the allegations and assert that Defendants have a superior right to possession and title to the Olliff Parcel including

the Disputed Area but excluding the Corner Conflict Area as set forth in Defendants' answer in paragraph 5 above incorporated herein as though fully set forth.

26. In answer to Paragraph 26 of the Complaint, Defendants deny the allegations and assert that Defendants have a superior right to possession and title to the Olliff Parcel including the Disputed Area but excluding the Corner Conflict Area as set forth in Defendants' answer in paragraph 5 above incorporated herein as though fully set forth.

27. In answer to Paragraph 27 of the Complaint, Defendants deny the allegations and assert that Defendants Trust have a superior right to possession and title to the Olliff Parcel including the Disputed Area but excluding the Corner Conflict Area as set forth in Defendants' answer in paragraph 5 above incorporated herein as though fully set forth.

28. In answer to Paragraph 28 of the Complaint, Defendants incorporate the answers set forth in paragraphs 1 through 27 above, including subparagraphs, as fully set forth herein.

29. In answer to Paragraph 29 of the Complaint, Defendants admit that Defendants are residents of Glenn County and lacks sufficient information or belief to either admit or deny the balance and remaining allegations and deny them based upon same.

30. In answer to Paragraph 30 of the Complaint, Defendants lacks sufficient information or belief to either admit or deny the allegations and on that basis deny same.

31. In answer to Paragraph 31 of the Complaint, Defendants deny the allegations as to Defendants and lacks sufficient information or belief to either admit or deny the allegations as to any purported DOE defendant and on that basis denies same.

32. In answer to Paragraph 32 of the Complaint, Defendants deny the allegations.

33. In answer to Paragraph 33 of the Complaint, Defendants incorporate the answers set forth in paragraphs 1 through 32 above, including subparagraphs, as fully set forth herein.

34.   In answer to Paragraph 34 of the Complaint, Defendants deny the allegations.

35.   In answer to Paragraph 35 of the Complaint, Defendants deny the allegations.

36.   In answer to Paragraph 36 of the Complaint, Defendants incorporate the answers set forth in paragraphs 1 through 35 above, including subparagraphs, as fully set forth herein.

37.   In answer to Paragraph 37 of the Complaint, Defendants deny the allegations.

38.   In answer to Paragraph 38 of the Complaint, Defendants incorporate the answers set forth in paragraphs 1 through 37 above, including subparagraphs, as fully set forth herein.

39.   In answer to Paragraph 39 of the Complaint, Defendants admit that a controversy exists by and between Defendants and Plaintiff and assert that the Court lacks jurisdiction to as set forth in paragraph 2 above.

40.   In answer to Paragraph 40 of the Complaint, Defendants admit that a controversy exists by and between Defendants and Plaintiff and assert that the Court lacks jurisdiction to as set forth in paragraph 2 above.  To the extent the Court is inclined to assert jurisdiction over the matter, Defendants contend that the relief requested by Plaintiff be denied unto Plaintiff and a declaratory judgment be entered in favor of Defendants finding that the Defendants have a superior right to possession and title over that of Plaintiff in and to the Olliff Parcel including the Disputed Area.

## **AFFIRMATIVE DEFENSES**

41.   **FIRST AFFIRMATIVE DEFENSE – Lack of Jurisdiction.**   As a First Affirmative Defense to all Claims, Defendants assert that this Court lacks subject matter jurisdiction under 25 U.S.C. § 345, 18 U.S.C. § 1151,28 U.S.C. § 1362, 28 U.S.C. § 2201, or 28 U.S.C. § 367(a), because the strip of land in question is, and has been the private property belonging to Defendants for almost four decades and before Plaintiff purchased the appurtenant

parcels and: (a) is not an allotment or any parcel of land to which Plaintiff may claim to be lawfully entitled by virtue of any Act of Congress as provided for under 25 U.S.C. § 345; (b) is not "Indian country" as that term is defined by 18 U.S.C. § 1151; (c) does not involve a controversy arising under the Constitution, laws, or treaties of the United States; (d) does not involve a controversy within its jurisdiction of this Court required by 28 U.S.C. § 2201; and (e) this Court therefore lacks original jurisdiction as required by 28 U.S.C. § 367(a).

42. **SECOND AFFIRMATIVE DEFENSE – Failure to State a Claim for Conversion.** As a Second Affirmative Defense to the Second Claim for Conversion, Plaintiff has failed to state a claim upon which relief can be granted because the property in question is real property and conversion is a tort which may be committed only in respect to personal property and not to real property [*Munger v. Moore* (1970) 11 Cal. App. 3d 1, 7]

43. **THIRD AFFIRMATIVE DEFENSE – Constitutionally Protected Right to Free Speech.** As a Fourth Affirmative Defense to the Sixth Cause of Action for Civil Harassment, Defendants assert that they have a right of free speech protected under the United States Constitution, Amendment 1.

44. **FOURTH AFFIRMATIVE DEFENSE – Unclean Hands.** As a Fourth Affirmative Defense to all Claims for Relief, Defendants assert that Plaintiff is guilty of unclean hands thus rendering the relief requested by Plaintiff inequitable in that: (a) Defendants have occupied the Olliff Parcel including the Disputed Area for four decades since 1977 openly and notoriously under claim of right and title hostile to any claim of Plaintiff; (b) Plaintiff obtained possession of the appurtenant Rancheria Parcel in or about 1984 with full knowledge that the 1974 Pride Survey showed and established corner markers for the Olliff Parcel as asserted by Defendants contrary to the Plaintiff's current claim of ownership; (c) From 1984 to 2013,

Plaintiff acquiesced to the use and occupation by Defendants on the Olliff Parcel including the Disputed Area without objection or contrary hostile use; (d) After 29 years of Plaintiff acquiescing to the use and occupation by Defendants on the Olliff Parcel including the Disputed Area, Plaintiff, without permission or consent of the Olliffs, or resort to a civil proceeding, intentionally embarked upon a course of conduct to interfere with the ownership and possession of the Olliffs on the Olliff Parcel and Disputed Area by tearing down Defendants' fences, placing dirt, boulders, equipment and workers on the land which invoked a response from Defendants to remove same to protect the land where the Olliffs reside, all causing severe emotional distress to the Olliffs.

45. **FIFTH AFFIRMATIVE DEFENSE – Laches.** As a Fifth Affirmative Defense to the First, Second, Third, and Seventh Claims for Relief, Defendants assert that Plaintiff unreasonably delayed in bringing this action which disrupts the status quo and results in prejudice to Defendants as follows: (a) Defendants have occupied the Olliff Parcel including the Disputed Area and Easement for four decades since 1977 openly and notoriously under claim of right and title hostile to any claim of Plaintiff; (b) Plaintiff obtained possession of the appurtenant Rancheria Parcel in or about 1984 with full knowledge that the 1974 Pride Survey showed and established corner markers for the Olliff Parcel as asserted by Defendants contrary to the Plaintiff's current claim of ownership; (c) From 1984 to 2013, Plaintiff acquiesced to the use and occupation by Defendants on the Olliff Parcel including the Disputed Area and Easment without objection or contrary hostile use; (d) After 29 years of Plaintiff acquiescing to the use and occupation by Defendants on the Olliff Parcel including the Disputed Area and Easment, Plaintiff, without permission or consent of the Olliffs, or resort to a civil proceeding, intentionally embarked upon a course of conduct to interfere with the ownership and possession

of the Olliffs on the Olliff Parcel and Disputed Area by tearing down Defendants' fences, placing dirt, boulders, equipment and workers on the land which invoked a response from Defendant to remove same to protect the land where the Olliffs reside, all causing severe emotional distress to the Olliffs; (e) the boundary line of the Olliff Parcel appurtenant to the Rancheria Parcel is approximately 50 feet from the Olliffs' residence of 40 years. To adopt the position of Plaintiff to have the property line established on the east side of the Disputed Area, would place the Plaintiff and its occupants within feet of the Olliffs' residence creating a harsh and inequitable prejudice to the Olliffs.

46. **SIXTH AFFIRMATIVE DEFENSE – Statute of Limitations (CA CCP § 338(b)).** As a Sixth Affirmative Defense to the First, Second, and Seventh Claims for Relief, Defendants assert that the purported trespass in the Disputed Area and Easement was permanent in nature with placement of a fence under color of ownership by Defendants and their predecessors in interest for over a decade and known to Plaintiff such that the trespass claims are time barred by the three-year statute of limitations set forth in California Code of Civil Procedure section 338(b).

47. **SEVENTH AFFIRMATIVE DEFENSE – Statute of Limitations (CA CCP § 338(c)).** As a Seventh Affirmative Defense to the Third Claim for Relief, Defendants assert that the conversion claim is time barred by the three-year statute of limitations set forth in California Code of Civil Procedure section 338(c).

48. **EIGHTH AFFIRMATIVE DEFENSE – Statute of Limitations (CA CCP § 335.1).** As an Eighth Affirmative Defense to the Fourth and Fifth Claims for Relief, Defendants assert that the emotional distress claims are time barred by the two-year statute of limitations set forth in California Code of Civil Procedure section 335.1.

49.   **EIGHTH AFFIRMATIVE DEFENSE – Lack of Standing – Failure to State a Claim.**  As an Eighth Affirmative Defense to the Fourth and Fifth Claims for Relief, Defendants assert that the emotional distress, Defendants contend that Plaintiff has failed to state a claim for the relief requested as Plaintiff lacks standing to bring such tort claims on behalf of individual Tribe members as a parens patriae action.

WHEREFORE Defendants seeks judgment as follows:

1.  That Plaintiff's complaint be dismissed;

2.  For an order that Plaintiff take nothing by way of the Complaint;

3.  For costs of suit incurred herein;

4.   For such other and further relief as the Court deems just and proper.

DATED: March 23, 2018.          By:     /s/ David R. Griffith, Esq.
                                        State Bar No. 70172
                                        GRIFFITH & HORN, LLP
                                        1530 Humboldt Road, Suite 3
                                        Chico, CA 95928
                                        Telephone: (530) 812-1000
                                        Email: david@davidgriffithlaw.com

                                        Attorney for Defendants,
                                        TERRENCE OLLIFF and DIANNE L OLLIFF,
                                        individually and as Trustees of the Olliff Family
                                        Trust

///

///

///

///

///

///

///

**AMENDED ANSWER AND COUNTERCLAIM**   - 19-          Case No. 2:17-CV-02292-JAM-EFB

# COUNTERCLAIM

Defendants TERRENCE OLLIFF and DIANNE L OLLIFF, individually and as Trustees of the Olliff Family Trust, assert the following counterclaim against Plaintiff GRINDSTONE INDIAN RANCHERIA as follows:

## Parties

1.   Defendants TERRENCE OLLIFF and DIANNE L OLLIFF, are individuals residing in Glenn County, California, are husband and wife and Trustees of the Olliff Family Trust.

2.   Defendants are informed and believe and thereon allege that Plaintiff GRINDSTONE INDIAN RANCHERIA is a ferally recognized Indian Tribe.

## Background

3.   Defendants TERRENCE OLLIFF and DIANNE L OLLIFF, as Trustees of the Olliff Family Trust, own the real property commonly referred to as 3580 County Road 305, Orland, CA 95963, Glenn County, California, consisting of approximately 15 acres of agricultural land and a family residence more particularly described as:

> "The East 396 Feet of the South 20 acres of the Northwest quarter and the east 396 feet of the North half of the Southwest quarter of Section 15, Township 21 North, Range 6 West, M.D.B. & M."

> APN: 025-090-019-000 and 025-090-016-000 (the "Olliff Parcel")

4.   Defendants assert that they acquired title to the Olliff Parcel in 1977.

5.   Defendants are informed and believe and thereon allege that the Bureau of Indian Affairs owns the 80 acre parcel to the Southeast corner of the Olliff Parcel commonly referred to as 3600 County Road 305, Elk Creek, CA 95939, Glenn County Assessor Number 025-090-099-000 (referred to herein as the "Indian Reservation Parcel").   Defendants are informed and

**AMENDED ANSWER AND COUNTERCLAIM**  - 20-                    Case No. 2:17-CV-02292-JAM-EFB

believe and thereon allege that the Bureau of Indian Affairs established the Indian Reservation Parcel in or about 1909.

6.     Defendants are informed and believe and thereon allege that Plaintiff purchased and/or was provided title to approximately 20.03 acres of land appurtenant and to the east of the Olliff Parcel in or about <u>1993</u> commonly referred to as Glenn County Assessor Parcel Number 025-090-026-000 (referred to herein as the "Rancheria Parcel"). The Rancheria Parcel is where Plaintiff has developed the housing for its Tribe.

7.     Defendants allege that at the time Plaintiff obtained title to the Rancheria Parcel, Plaintiff did so with knowledge of recorded public survey by George Pride, License 3747, dated June 26, 1974, clearly showing the corner markers of the Olliff Parcel (the "Pride Survey').

8.     Defendants admit that in 2011, the Bureau of Land Management ("BLM") conducted a survey of the of the 80 acre Indian Reservation Parcel and the 20 acre Rancheria Parcel which was noticed for filing in the Federal Register on October 19, 2011 and subsequently filed in the Bureau of Land Management California State Office, Sacramento (the "BLM Survey"). Defendants allege that the BLM Survey shows location of the Olliff Parcel East property line in the same location as the 1974 Pride Survey, save and except, noting a small overlapping conflict of the Indian Reservation Parcel in its North West corner onto the South East corner of the Olliff Parcel containing approximately 40' x <u>26</u>' square feet (referred to herein as the "Corner Conflict Area"). Defendants are informed and believe and thereon allege that the corner conflict was determined by the BLM Survey to be that the historical cedar post corner marker for the North West corner of the Indian Reservation Parcel was originally established by T.L. Knock, "LS 6", in his <u>1893</u> survey filed May 8, 1893, in Book 1 of Maps and Surveys, Page 39, Glenn County Recorder's Office, and is different in that it lays with the South East corner of

the Olliff Parcel as set in 1974 by the Pride Survey establishing the corner marker position by more contemporary existent section control and the then current rules for subdividing sections.

9. Defendants admit that Defendants did not object to the survey of the Corner Conflict Area and such possession is that of Plaintiff as part of the 80 acre Indian Reservation Parcel.

10. Defendants are informed and believe and thereon allege that Plaintiff contends that the North West corner marker of the 80 acre Indian Reservation Parcel which is approximately 40 feet into the South East corner of the Olliff Parcel should be adjudicated to extend and run due north approximately 1,082 feet along the eastern boundary of the 20 acre Rancheria Parcel appurtenant to the Olliff Parcel to give Plaintiff approximately 43,500 square feet of the Olliff Parcel (the approximately 43,500 square feet is referred to herein as the "Disputed Area").

11. Defendants allege and contend that the Disputed Area is and has been for over 40 years, the property of Defendants, and that the BLM Survey did not and does not show the Disputed Area as being property of Plaintiff.

12. Defendants are informed and believe and thereon allege that in or about 2014, Plaintiff purchased the parcel to the south of the Olliff Parcel and west of the Indian Reservation Parcel commonly referred to as APN 025-090-008-000 (hereinafter referred to as the "Ball Filed"), for use as a baseball filed. Since 1977, Defendants driveway access has been to the west off of County Road 305 through a portion of the Ball Field in the "Easement" area depicted below consisting of approximately 26 feet x 350 feet (the "Easement") with Defendants' fence line in the Ball Filed parcel approximately 26 feet.

///

///

13.  A summary of the parcels and areas described above are depicted below, not for the purpose of survey or to be scale, but for visual example only, as follows:



<u>Counterclaim - Count 1</u>

**(Trespass)**

14.  Plaintiffs incorporate by this reference paragraphs 1 through 13 above as though fully set forth herein.

15.  In or about 2013, Plaintiff, and its agents and Members with the direction, consent and control of Plaintiff, constructed a dirt embankment of approximately 245 feet long and 4 feet high with a sloped edge on the west side of the Rancheria Parcel next to the Olliff Parcel and

residence having the sloop running west down into the Olliff Parcel toward the Olliff residence. Plaintiffs are informed and believe and thereon allege that the dirt embankment was designed, constructed, and placed in such a manner to intentionally interfere with and disrupt the quiet enjoyment and use of the Olliff Parcel by Defendants.

16.     From in or about 2013, and periodically each year thereafter, as a direct and proximate result the embankment constructed and placed by Plaintiff, storm water runs off of the Rancheria Parcel down the embankment onto the Olliff Parcel toward their residence along with eroding dirt and rocks which builds up an encroachment through the Defendants' fence line onto the Olliff Parcel.

17.     Within the last three years of the complaint being filed herein, Plaintiff GRINDSTONE INDIAN RANCHERIA has directed, acquiesced to, and/or failed to supervise and control some of its members and agents such that they have come onto the Olliff Parcel with vehicles and equipment, removed fences from the Olliff Parcel, and placed or created conditions to deposit dirt and boulders on the Olliff Parcel, without the permission or consent of Defendants.

18.     Within the last three years of the complaint being filed herein, Plaintiff GRINDSTONE INDIAN RANCHERIA directed, acquiesced to, and/or failed to supervise and control some of its members and agents such that they have yelled at Defendants and taking hostile action toward Defendants with physical presence, vehicles and equipment to deter and disrupt Defendants' use and quiet enjoyment of portions of the Olliff Parcel.

19.     As a proximate result of the Plaintiff's trespass and actions, directly and through its members and agents, Defendants have incurred general damages for diminution in value of the Olliff Property and costs of restoration and repair according to proof.

20. As a further proximate result of the Plaintiff's wrongful conduct and trespass, Defendants have suffered and continue to suffer physical injury and/or emotional distress manifesting upset stomach, headaches, stress, fear, discomfort, and loss of sleep, such that Defendants seek general damages for emotional distress from Plaintiff in an amount according to proof.

21. The action and conduct of Plaintiff GRINDSTONE INDIAN RANCHERIA directly and indirectly through some of its members and agents under the direction and control of Plaintiff were willful, malicious and oppressive such that Defendants seek an award of punitive damages in an amount according to proof.

**WHEREFORE**, Defendants seek judgment against Plaintiff on this Counterclaim as set forth below:

## As to Counterclaim - Count 1 (Trespass):

1. For general damages for property damage according to proof;

2. For general damages for mental distress according to proof;

3. For an award of punitive damages according to proof;

4. For a preliminary and permanent injunction enjoining Plaintiff and Counter Defendants ROES 1 through 10 from trespassing on the Olliff Parcel including the Disputed Area, directly or indirectly, by flow of storm water runoff, dirt, rock or boulders coming from the embankment on the Rancheria Parcel onto the Olliff Parcel.

5. For an award of costs of suit incurred;

6. For such other and further relief as the Court deems just and proper.

///

///

Respectfully Submitted,

DATED: March 23, 2017.     By:     /s/ David R. Griffith, Esq.
                                          State Bar No. 70172
                                          Attorney for Defendants,
                                          TERRENCE OLLIFF and DIANNE L OLLIFF,
                                          individually and as Trustees of the Olliff Family
                                          Trust

## **REQUEST FOR JURY TRIAL**

     Defendants TERRENCE OLLIFF and DIANNE L OLLIFF, individually and as Trustees of the Olliff Family Trust, request Jury Trial in this matter.

DATED: March 23, 2017.     By:     /s/ David R. Griffith, Esq.
                                            State Bar No. 70172
                                          Attorney for Defendants,
                                          TERRENCE OLLIFF and DIANNE L OLLIFF,
                                          individually and as Trustees of the Olliff Family
                                          Trust