1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 GRINDSTONE INDIAN RANCHERIA, and )    No.  2:17-cv-2292-JAM-EFB
   ONE HUNDRED PLUS MEN, WOMEN AND )
12 CHILDREN LIVING ON GRINDSTONE    )
   INDIAN RESERVATION,              )
13                                  )
                        Plaintiffs, )    ORDER GRANTING MOTION TO
14                                  )    DISMISS COUNTERCLAIM
         v.                         )
15                                  )
   TERRENCE OLLIFF, INDIVIDUALLY    )
16 AND AS A BENEFICIARY/TRUSTEE OF  )
   THE OLLIFF FAMILY TRUST, DIANE   )
17 L. OLLIFF, INDIVIDUALLY AND AS A )
   BENEFICIARY/TRUSTEE OF THE       )
18 OLLIFF FAMILY TRUST, AND DOES 1- )
   10,                              )
19                                  )
                        Defendants. )
20                                  )
   AND RELATED COUNTERCLAIM.        )
21 _____ )

22      This case concerns adjacent properties, a boundary dispute,

23 and quarreling neighbors.  Grindstone Indian Rancheria and its

24 tribal membership sued Terrence and Diane L. Olliff, individually

25 and as trustees of the Olliff Family Trust, over their deteriorated

26 relationship and property line disagreement.  ECF Nos. 1, 10-2.

27 Also dissatisfied with the state of things, the Olliffs filed a

28 counterclaim against Grindstone Indian Rancheria.  ECF No. 15.

                                  1

Grindstone moves to dismiss the counterclaim. ECF No. 16. For the reasons set forth below, Grindstone's motion to dismiss is granted.[1]

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The following facts are taken as true for the purposes of this motion:

Counter-Defendant Grindstone Indian Rancheria ("Grindstone") is a federally-recognized Indian Tribe. 81 Fed. Reg. 5019-02, 2016 WL 337698; First Amended Complaint ("FAC") ¶ 4; Answer ¶ 1; Counterclaim ("CC") ¶ 2. Counter Claimants Terrence Olliff and Dianne L. Olliff (the "Olliffs"), as Trustees of the Olliff Family Trust, own approximately 15 acres of agricultural land and a family residence ("Olliff Parcel"), located at 3580 County Road 305 in Orland, California. CC ¶ 3. They acquired this parcel of land in 1977. CC ¶ 4. The Bureau of Indian Affairs owns an 80-acre parcel ("Indian Reservation Parcel") located southeast of the Olliff Parcel. CC ¶ 5. Grindstone acquired title to a 20.03-acre property to the east of the Olliff Parcel and just north of the Indian Reservation Parcel (the "Racheria Parcel") in 1993, on which Grindstone developed housing for its members. CC ¶¶ 6, 13 (diagram). Grindstone obtained title to the Rancheria Parcel with knowledge of a recorded public survey by George Pride ("Pride Survey") that clearly shows the corner markers of the Olliff Parcel. CC ¶ 7. In 2011, the Bureau of Land Management surveyed the Indian Reservation Parcel and Rancheria Parcel and noted a

_____

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 19, 2018.

small overlap between the northwest corner of the Indian

Reservation Parcel and the southeast corner of the Olliff Parcel.

CC ¶ 8.  The Olliffs did not object to the survey results or the

determination that this corner is part of the Indian Reservation

Parcel.  CC ¶ 9.  However, the BLM Survey shows that, apart from

this small corner, the eastern property line of the Olliff Parcel

is consistent with the Pride Survey.  CC ¶ 8.  Thus, the western

side of the Rancheria Parcel ends at the Olliff Parcel's eastern

property line as determined by the Pride Survey.  CC ¶ 8.  The

western boundary of the Rancheria Parcel does not extend into the

Olliff Parcel as does the western boundary of the Indian

Reservation Parcel; if it did, the Olliffs would lose approximately

43,500 square feet of their property to Grindstone.  CC ¶¶ 8, 10.

Grindstone maintains that the Rancheria Parcel does extend so far

and that this land belongs to them.  CC ¶ 10.  The Olliffs state

the BLM survey does not show this disputed area belongs to the

Rancheria Parcel.  CC ¶ 11.

     In 2013, Grindstone constructed a dirt embankment with a

sloped edge on the west side of the Racheria Parcel, sloping down

into the Olliff Parcel and toward the Olliff residence.  CC ¶ 15.

The embankment causes storm water to run onto the Olliff Parcel, an

effect the Olliffs contend was intentional.  CC ¶¶ 15, 16.  In the

last three years, Grindstone "has directed, acquiesced to, and/or

failed to supervise and control some of its members and agents such

that they have come onto the Olliff Parcel with vehicles and

equipment, removed fences from the Olliff Parcel, and placed or

created conditions to deposit dirt and boulders on the Olliff

Parcel, without the permission or consent of [the Olliffs]."  CC

¶ 17.  Also, Grindstone members and agents have engaged in hostile behavior toward the Olliffs, which deters and disrupts their use and quiet enjoyment of their property.  CC ¶ 18.

Grindstone and its membership filed their Complaint against the Olliffs on October 31, 2017, ECF No. 1, and their First Amendment Complaint on March 8, 2018, ECF No. 10-2, 11.  Grindstone contends that Terrence Olliff has embarked "on a pattern of domestic terrorism towards [Grindstone] and its membership" related to the disputed land boundaries described above.  FAC ¶¶ 7-9.  Grindstone seeks damages for willful trespass, negligent trespass, conversion, intentional infliction of emotional distress, and negligent infliction of emotional distress.  FAC at 4-11.  It also seeks an injunction compelling the Olliffs to remove the encroachments, cease trespassing on and obstructing any property rights, and cease other intimidating behavior.  FAC at 10-11.  Finally, it seeks a declaratory judgment that the property markers as identified by the BLM survey are the correct markers for identifying the boundaries of the Rancheria Parcel.  FAC ¶¶ 38-40.

The Olliffs filed an Answer and Counterclaim on March 16, 2018, which asserted claims against Grindstone for trespass, quiet title—adverse possession, quiet title—establishment of prescriptive easements, and declaratory relief.  ECF No. 12.  By stipulation, they filed an Amended Answer and Counterclaim, dropping three of the claims and asserting only the claim for trespass.  ECF No. 15.  Grindstone now moves to dismiss this counterclaim.

///

///

///

1              II.  OPINION

2      Grindstone Indian Rancheria, "as an Indian tribe, possesses

3  'the common-law immunity from suit traditionally enjoyed by

4  sovereign powers.'"  Imperial Granite Co. v. Pala Band of Mission

5  Indians, 940 F.2d 1269, 1271 (9th Cir. 1991) (quoting Santa Clara

6  Pueblo v. Martinez, 436 U.S. 49, 58 (1978)).  Tribes are shielded

7  from suits for money damages, declaratory relief, and injunctive

8  relief.  Quinault Indian Nation v. Pearson for Estate of Comenout,

9  868 F.3d 1093, 1096 (9th Cir. 2017).

10     A tribe's immunity may only be limited by express waiver or an

11 act of Congress.  See Santa Clara Pueblo, 436 U.S. at 56; Quinault

12 Indian Nation, 868 F.3d at 1097.  It "is not defeated by an

13 allegation that [the tribe] acted beyond its powers."  Imperial

14 Granite, 940 F.2d at 1271.  Further, "a tribe does not waive its

15 sovereign immunity from actions that could not otherwise be brought

16 against it merely because those actions were pleaded in a

17 counterclaim to an action filed by the tribe."  Oklahoma Tax Comm'n

18 v. Citizen Band Potawatomi Indian Tribe of Oklahoma, 498 U.S. 505,

19 509 (1991).  This rule applies to compulsory counterclaims.  Id.

20     Grindstone argues that this Court is without jurisdiction to

21 entertain the Olliffs' counterclaim due to Grindstone's tribal

22 sovereign immunity.  MTD at 8-9. The Olliffs fail to rebut

23 Grindstone's argument.  They argue that Grindstone "has not cited

24 to any authority which supports the proposition that where an

25 Indian Tribe is alleged to have interfered with or otherwise

26 violated the property rights of one who owns property outside of

27 tribal lands, the landowner is barred from suing the Indian Tribe

28 on the basis of sovereign immunity."  Opp'n at 9.  But the Olliffs

fail to cite any authority holding that the contrary proposition is valid, namely, that a tribe is not immune from suit where the tribe allegedly violates an outsider's property rights. In light of clear precedent holding that tribal sovereign immunity bars suits for damages—the relief sought here—the burden falls on the Olliffs to demonstrate that their claim is an exception to the rule. They have not done so.

The Olliffs seek to derive their preferred rule from Imperial Granite Co. v. Pala Band of Mission Indians, but that decision supports dismissal of the Olliffs' counterclaim. 940 F.2d 1269 (9th Cir. 1991). In that case, Imperial Granite Co. sued a tribe, certain officers, and the tribe's members for their decision to deny the company access to a road that crossed a portion of the tribe's reservation. Id. at 1270-71. The Ninth Circuit affirmed the district court's determination that the tribe was immune from suit. Id. at 1271. This holding supports dismissal of the Olliffs' claim against Grindstone here. The Circuit then considered whether the company could maintain its suit against the tribal officials. Id. It held that because the officials acted within the scope of their authority when they voted against Imperial Granite Co.'s use of the road on tribal property, they were also immune from suit. Id. at 1271-72.

The Olliffs ask the Court to construe the allegations against Grindstone as allegations against Grindstone's officials. Opp'n at 8-9. The Court is constrained, however, to evaluate the counterclaim as alleged. The Olliffs only assert the counterclaim against Grindstone Indian Rancheria, a federally recognized tribe, and not against any individual officials. Their unalleged theory

1   of the case cannot save their claim from dismissal.

2       Precedent dictates that Grindstone Indian Rancheria enjoys

3   immunity from suit and the Olliffs have not offered any legal basis

4   for this Court to find otherwise.  The Olliffs' counterclaim is

5   dismissed for lack of jurisdiction.[2]

6       District courts should grant leave to amend the allegations of

7   a complaint unless it determines such amendment would be futile.

8   See Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv.

9   Inc., 911 F.2d 242, 247 (9th Cir. 1990).  The Olliffs have

10  requested leave to amend their counterclaim and the Court finds

11  that such amendment would not be futile.  The Court therefore

12  grants the Olliffs leave to amend their counterclaim.

13

14                          III.   ORDER

15      For the reasons set forth above, the Court GRANTS Counter-

16  Defendant's Motion to Dismiss, with leave to amend. The Oliffs'

17  amended counterclaim shall be filed within twenty days of the date

18  of this Order. Grindstone's responsive pleading shall be filed

19  twenty days thereafter.

20      IT IS SO ORDERED.

21  Dated: July 16, 2018

22

23                                   JOHN A. MENDEZ,
                                     UNITED STATES DISTRICT JUDGE

24

25

26  _____
    [2] Because the Court finds dismissal warranted due to sovereign
27  immunity, the Court does not address Grindstone's arguments that
    the Olliffs failed to exhaust their administrative remedies and
    failed to join the United States as a necessary party.  Grindstone
28  raised this latter point for the first time in their Reply brief.
    Reply, ECF No. 19, at 5.