Jack Duran Jr.
Duran Law Office
4010 Foothills Blvd.
S-103, #98
Roseville, CA 95747
(916) 779-3316 (Office)
(916) 520-3526 (Fax)
duranlawoffice@yahoo.com

Attorney For:

Grindstone Rancheria et al

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| GRINDSTONE INDIAN RANCHERIA, et al | ) <br> ) Case Number: 2-17-cv-02292-JAM-EFB <br> ) <br> ) **STIPULATION TO EXTEND** <br> ) **DISCOVERY CUT-OFF DATE AND** <br> ) **ORDER** <br> ) <br> ) **F.R.C.P. 16(b)(4)** |
| Plaintiff | |
| vs. | |
| TERRANCE OLLIFF et al | |
| Defendants. | |

The parties to the above-entitled action hereby jointly request to the extension of the

Discovery Cut-Off period pending a good faith attempt to settle the dispute. The parties,

Plaintiffs, Grindstone Rancheria et al (collectively "Plaintiffs") and Defendants, Terrence Olliff

et al (collectively "Defendants"), through their respective attorneys of record, hereby jointly

stipulate to an extension of the currently scheduled discovery deadlines as set forth below.

*Form updated August 2014*

**RECITALS/GROUNDS FOR RELIEF**

Pursuant to Rule 16, a party may seek modification of a scheduling order, including modification of a discovery cut-off date, "only for good cause and with a judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a scheduling deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Schaffner v. Crown Equipment Corporation, No. C 09-00284 SBA, 2011 WL 6303408, at *2 (N.D. Cal. Dec. 16, 2011) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9 Cir. 1992). A party may establish good the cause by showing (1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that he or she could not comply with the order. Hood v. Hartford Life & Accident Ins. Co., 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008) (citation omitted).

**WHEREAS**, the current deadline to complete all non-expert discovery is December 28, 2018.

**WHEREAS**, the Parties stipulate to extend the written discovery cut-off deadline because they are making a diligent effort to settle this matter and believe that additional time is needed to remedy a good faith misunderstanding between the parties and adequately and fairly complete the discovery process, specifically with regards to several depositions that could not be scheduled before the discovery cut-off date expired;

**WHEREAS**, the parties originally believed at the time of the Rule 16 scheduling conference that non-expert discovery would be completed by the current discovery cut-off deadline and worked together to prepare a comprehensive proposed scheduling report for the Court's convenience;

**WHEREAS,** the parties recently discussed a good faith attempt to settle their dispute prior to the expiration of the non-expert witness discovery date, which has resulted in

*Form updated August 2014*

postponement of depositions and other issues and makes compliance with the current discovery cut-off date unlikely;

**WHEREAS**, the current non-expert discovery deadline recently past, putting pressure on the parties, thereby creating a situation that may become more adversarial than otherwise need be;

**WHEREAS** extending the deadline pursuant to this stipulation will allow the parties an opportunity to negotiate informally to complete the discovery process without involvement with the court;

**WHEREAS**, the parties make this request to extend the written discovery cutoff date almost an entire month prior to its arrival, and only after diligent attempts by both parties to avoid such, but ultimately concluding doing so is not feasible;

**AND WHEREAS, THE PARTIES STIPULATE AND AGREE TO THE FOLLOWING DISCOVERY SCHEDULE MODIFICATION**:

| | | |
|---|---|---|
| * | Expert witness disclosure: | 3/29/19; |
| * | Supplemental disclosure: | 4/12/19; |
| * | Discovery cutoff: | 5/31/19; |
| * | Dispositive motion filing: | 7/2/19; |
| * | Dispositive motion hearing: | 7/30/19 @ 1:30 p.m.; |
| * | Joint pretrial statement due: | 8/30/19 |
| * | Pretrial conference: | 9/6/19 @ 10:00 a.m. |
| * | Jury trial: | 10/21/19 @ 9:00 a.m. |

SO STIPULATED.

Dated: 01/09/19                     /S/*Jack Duran, Jr.*

Jack Duran, Jr. Counsel for Plaintiff, Grindstone Rancheria

Dated: 01/09/19                     /S/*David R. Griffith*

David R. Griffith, Counsel for Defendants, Terrance Olliff et al

*Form updated August 2014*

1

2                                              **ORDER**

3

4          The Stipulation of the parties is accepted and the discovery schedule is acceptable to the

5    Court and is so modified.

6    **IT IS SO ORDERED.**

7

8    **Date:  1/9/2019**                        /s/ John A. Mendez_____
                                                **Judge of Federal District Court**
9                                               **Eastern District of California**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Form updated August 2014*