DAVID R. GRIFFITH, ESQ. (SBN 170172)
GRIFFITH & HORN, LLP
1530 Humboldt Road, Suite 3
Chico, CA 95928
Telephone: (530) 812-1000
Facsimile: (530) 809-1093
E-mail: david@davidgriffithlaw.com

Attorneys for Defendants,
TERRANCE OLLIFF and DIANNE L. OLLIFF
Individually and as Trustees of the Olliff Family Trust

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GRINDSTONE INDIAN RANCHERIA, et al<br><br>Plaintiff<br><br>vs.<br><br>TERRANCE OLLIFF et al<br><br>Defendants. | Case Number: 2-17-cv-02292-JAM-EFB<br><br>**STIPULATION TO EXTEND EXPERT WITNESS DISCLOSURE DEADLINES, AND ORDER**<br><br>**F.R.C.P. 16(b)(4)** |

The parties to the above-entitled action hereby jointly request the extension of the Expert Witness Disclosure Deadlines pending a good faith attempt to provide full and complete disclosures to the other respective party. The parties, Plaintiffs, Grindstone Rancheria et al (collectively "Plaintiffs") and Defendants, Terrence Olliff et al (collectively "Defendants"), through their respective attorneys of record, hereby jointly stipulate to an extension of the currently scheduled Expert Witness Disclosure Deadlines as set forth below.

///

///

Page **1** of **4**
**Stipulation to Extend Expert Witness Disclosure Deadlines, and [Proposed] Order**

**RECITALS/GROUNDS FOR RELIEF**

Pursuant to Rule 16, a party may seek modification of a scheduling order, including modification of an expert witness disclosure deadline, "only for good cause and with a judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a scheduling deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Schaffner v. Crown Equipment Corporation, No. C 09-00284 SBA, 2011 WL 6303408, at *2 (N.D. Cal. Dec. 16, 2011) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9 Cir. 1992). A party may establish good the cause by showing (1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that he or she could not comply with the order. Hood v. Hartford Life & Accident Ins. Co., 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008) (citation omitted).

**WHEREAS**, the current deadline to initially disclosure expert witness information is set for March 29, 2019 with a supplemental disclosure date of April 12, 2019.

**WHEREAS**, the Parties stipulate to extend both expert witness information disclosure dates because they have been making a diligent effort to settle this matter but have met with an impasse, and believe that additional time is needed to remedy the parties current status of expert witnesses to make a good faith disclosure, and allow the parties to be properly prepared for trial.

**WHEREAS**, the parties originally believed at the time of the Rule 16 scheduling conference that expert witness disclosures would be ready and able to be made by the current expert disclosure deadlines worked together to prepare a comprehensive proposed scheduling report for the Court's convenience;

**WHEREAS,** the parties agree that no prejudice will occur to either party should the expert witness disclosure deadlines be extended.

**WHEREAS,** extending the deadline pursuant to this stipulation will allow the parties an

opportunity to prepare complete expert witness disclosures after reaching an impasse in good faith settlement negotiations;

**WHEREAS**, the parties make this request to extend the expert witness disclosure deadlines the day prior to the initial disclosure deadline, and only after diligent attempts by both parties to avoid such, but ultimately concluding doing so is not feasible;

**AND WHEREAS, THE PARTIES STIPULATE AND AGREE TO THE FOLLOWING DISCOVERY SCHEDULE MODIFICATION**:

* Expert witness disclosure: 4/12/19; and
* Supplemental disclosure: 4/26/19.

**The remainder of the Discovery Schedule will remain unchanged from the Order Dated January 10, 2019 as follows:**

* Discovery cutoff: 5/31/19;
* Dispositive motion filing: 7/2/19;
* Dispositive motion hearing: 7/30/19 @ 1:30 p.m.;
* Joint pretrial statement due: 8/30/19
* Pretrial conference: 9/6/19 @ 10:00 a.m.
* Jury trial: 10/21/19 @ 9:00 a.m.

SO STIPULATED.

Dated: 03/28/2019  /S/ *Jack Duran, Jr.*
Jack Duran, Jr., Counsel for Plaintiff, Grindstone Rancheria

Dated: 03/28/2019  /S/ *David R. Griffith*
David R. Griffith, Counsel for Defendants, Terrance Olliff, et al.

///
///
///
///
///

# ORDER

The Stipulation of the parties is accepted and the modification to the discovery schedule is acceptable to the Court and is so modified.

**IT IS SO ORDERED.**

**Date: March 29, 2019**  /s/ John A. Mendez_____
**Judge of the U. S. District Court**
**Eastern District of California**