DAVID R. GRIFFITH, ESQ. (SBN 170172)
GRIFFITH & HORN, LLP
1530 Humboldt Road, Suite 3
Chico, CA 95928
Telephone: (530) 812-1000
Facsimile: (530) 809-1093
E-mail: david@davidgriffithlaw.com

Attorneys for Defendants,
TERRANCE OLLIFF and DIANNE L. OLLIFF
Individually and as Trustees of the Olliff Family Trust

FILED
SEP 11 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GRINDSTONE INDIAN RANCHERIA, et al

Plaintiff

vs.

TERRANCE OLLIFF et al

Defendants.

Case Number: 2-17-cv-02292-JAM-EFB

STIPULATION TO VACATE TRIAL SET FOR OCTOBER 21, 2019, CONTINUE RELATED DATES, SET MATTER FOR A STATUS CONFERENCE REGARDING TRIAL SETTING, AND ORDER

F.R.C.P. 16(b)(4)

The parties to the above-entitled action hereby jointly request that the Trial set for October 21, 2019, be vacated, that related discovery dates be continued, and that the matter be set for a Status Conference pending the parties participating in mediation. The parties, Plaintiffs, Grindstone Rancheria et al (collectively "Plaintiffs") and Defendants, Terrence Olliff et al (collectively "Defendants"), through their respective attorneys of record, hereby jointly stipulate to as set forth below.

///

///

Page 1 of 3
**Stipulation to Vacate Trial Set for October 21, 2019, etc., and [Proposed] Order**

## RECITALS/GROUNDS FOR RELIEF

Pursuant to Rule 16, a party may seek modification of a scheduling order, including modification of trial date(s), "only for good cause and with a judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a scheduling deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Schaffner v. Crown Equipment Corporation, No. C 09-00284 SBA, 2011 WL 6303408, at *2 (N.D. Cal. Dec. 16, 2011) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9 Cir. 1992). A party may establish good the cause by showing (1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that he or she could not comply with the order. Hood v. Hartford Life & Accident Ins. Co., 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008) (citation omitted).

**WHEREAS**, trial for this matter is current set to begin on October 21, 2019 and continue through October 22, 2019.

**WHEREAS**, the parties have previously participated in good faith settlement discussions and now desire to attend mediation prior to trial to reduce litigation costs for the parties and to expedite matters for the Court by avoiding the necessity of trial should an informal resolution be found at mediation. The parties believe that with the assistance of a third-party neutral mediator, a settlement may be reached between the parties.

**WHEREAS**, the parties originally believed at the time of the initial Rule 16 scheduling conference that the parties would be ready for and desire to proceed with trial on October 21, 2019, and worked together to prepare a comprehensive proposed scheduling report for the Court's convenience;

**WHEREAS,** the parties agree that no prejudice will occur to either party should the current trial date be vacated.

**WHEREAS,** the parties require time to meet and confer on a third party neutral to act as

**Stipulation to Vacate Trial Set for October 21, 2019, etc., and [Proposed] Order**

mediator, find mutually available dates, and attend mediation, therefor the parties request that a Status Conference be set in early 2020 for the purpose of evaluating the status of mediation and to establish a new trial date and respective Scheduling Order.

**WHEREAS,** the parties request that discovery be re-opened and discovery cut-off dates be calculated based upon any newly scheduled trial date and established Scheduling Order.

**THERFORE**, the parties request the entry of an Order: 1) vacating the trial set for October 21, 2019; 2) re-opening discovery with discovery cut-off dates to be calculated and set based upon a future scheduled trial date and established Scheduling Order; and 3) that a Status Conference be set sometime in early 2020 for the purpose of reporting on the status of mediation, trial setting, and establishing a new scheduling order based on the new trial date.

SO STIPULATED.

Dated: September 09, 2019.        /S/ *Jack Duran, Jr.*
                                  Jack Duran, Jr., Counsel for Plaintiff,
                                  Grindstone Rancheria

Dated: September 09, 2019.        /S/ *David R. Griffith*
                                  David R. Griffith, Counsel for Defendants,
                                  Terrance Olliff, et al.

### ORDER

The Stipulation of the parties is accepted as follows: 1) the Trial currently set for October 21, 2019, is hereby VACATED; 2) Discovery is re-opened; ~~3) this matter is set for a Status Conference on:~~ *gm*

2) [*gm*] the parties are to file a joint-status report regarding the status of mediation, availability for a new trial date, and the establishment of a new scheduling order based upon a new trial date within ten days after completion of the mediation. *gm* ~~prior to the Status Conference on the above date.~~

**IT IS SO ORDERED.**

Date: 9-10-2019

Judge of Federal District Court
Eastern District of California