1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                          EASTERN DISTRICT OF CALIFORNIA

9

10   GRINDSTONE INDIAN RANCHERIA and        No.  2:17-cv-02292-JAM-JDP
     ONE HUNDRED PLUS MEN, WOMEN AND
11   CHILDREN LIVING ON THE
     GRINDSTONE INDIAN RESERVATION,
12                                          **ORDER DENYING PLAINTIFFS'**
                  Plaintiffs,               **MOTION FOR SUMMARY**
13                                          **ADJUDICATION; ORDER TO SHOW**
            v.                              **CAUSE UNDER FRCP 11**
14
     TERRENCE OLLIFF, individually
15   and as a beneficiary/trustee of
     the Olliff Family Trust, DIANNE
16   L. OLLIFF, individually and as a
     beneficiary/trustee of the
17   Olliff Family Trust, and DOES 1-
     10,
18
                  Defendants.
19

20        This lawsuit concerns a property dispute over a strip of

21   land between Grindstone Indian Rancheria and 100 of its

22   residents' ("Plaintiffs") and the Olliffs' ("Defendants")

23   properties.  See First Am. Compl. ("FAC"), ECF No. 10-2.  Before

24   the Court is Plaintiffs' second motion for summary adjudication

25   on its declaratory relief claim.  See Pls.' Second Mot. for Summ.

26   Adjudication ("Mot."), ECF No. 52.  Defendants oppose this

27   motion.  See Opp'n, ECF No. 54.  Plaintiffs replied.  See Reply,

28   ECF No. 55.  Because the motion is procedurally improper and

                                      1

1  because genuine issues of material fact exist, the Court DENIES

2  Plaintiffs' motion.[1]

3

4                        I.   BACKGROUND

5       The parties are familiar with the factual background of this

6  case—it is set forth extensively in the parties' briefings and

7  the Court's prior order.  See Order denying Mot. for Summ.

8  Adjudication ("Prior Order"), ECF No. 37.

9       In July 2019, Plaintiffs filed a motion for summary

10 adjudication on their declaratory relief claim.  See Pls.' Mot.

11 for Summ. Adjudication ("Prior Mot."), ECF No. 29.  The Court

12 denied Plaintiffs' motion in August 2019.  See Prior Order.

13 Almost two years later, Plaintiffs move again for summary

14 adjudication on the same claim.  See Mot.  Plaintiff asserts its

15 motion is "not simply a do-over of [the] motion previously denied

16 by this Court" and "relies on new declarations and the recent

17 deposition testimony of Defendants' expert."  Reply at 1, 3.

18

19                        II.   OPINION

20      A.   Request for Judicial Notice

21      Rule 201 of the Federal Rules of Evidence allows a court to

22 take judicial notice of an adjudicative fact that is "not

23 subject to reasonable dispute," because it (1) "is generally

24 known within the trial court's territorial jurisdiction"; or

25 (2) "can be accurately and readily determined from sources whose

26

27 [1] This motion was determined to be suitable for decision without
   oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28 scheduled for May 4, 2021.

                              2

1   accuracy cannot reasonably be questioned."  Fed. R. Evid.

2   201(a)-(b).  A court may take judicial notice of matters of

3   public record.  <u>United States ex rel. Lee v. Corinthian</u>

4   <u>Colleges</u>, 655 F.3d 984, 999 (9th Cir. 2011).  Matters of public

5   record include "documents on file in federal or state courts."

6   <u>Harris v. County of Orange</u>, 682 F.3d 1126, 1132 (9th Cir. 2012).

7   However, courts may not take judicial notice of "disputed facts

8   stated in public records."  <u>See</u> <u>Lee v. City of Los Angeles</u>, 250

9   F.3d 668, 690 (9th Cir. 2001).

10      Defendants request the Court take judicial notice of three

11  documents in the Court's records for this case.  <u>See</u> Defs.' Req.

12  for Jud. Notice ("RJN"), ECF No. 54-4.  These documents are

13  matters of public record and therefore proper subjects of

14  judicial notice.  Accordingly, the Court GRANTS Defendants'

15  Request for Judicial Notice.  However, the Court takes judicial

16  notice only of the <u>existence</u> of these documents and declines to

17  take judicial notice of their substance, including any disputed

18  or irrelevant facts within them.  <u>Lee</u>, 250 F.3d at 690.

19      B.  <u>Evidentiary Objections</u>

20      Defendants also raise evidentiary objections to Plaintiffs'

21  statement of undisputed facts.  <u>See</u> Defs.' Objections, ECF No.

22  54-3.  The Court has reviewed these evidentiary objections but

23  declines to rule on each one individually as courts self-police

24  evidentiary issues on motions for summary judgment and a formal

25  ruling is unnecessary to the determination of this motion.  <u>See</u>

26  <u>Sandoval v. Cty. Of San Diego</u>, 985 F.3d 657, 665 (9th Cir. Jan.

27  13, 2021) (citing to <u>Burch v. Regents of the University of</u>

28  <u>California</u>, 433 F.Supp.2d 1110, 1119) (E.D. Cal. 2006) (noting

3

1   objections "are generally unnecessary on summary judgment because
2   they are "duplicative of the summary judgment standard itself"
3   and that "parties briefing summary judgment motions would be
4   better served to 'simply argue' the import of the facts reflected
5   in the evidence rather than expending time and resources
6   compiling laundry lists of objections")).

7       C.   Legal Standard

8       A Court must grant a party's motion for summary judgment
9   "if the movant shows that there is no genuine dispute as to any
10  material fact and the movant is entitled to judgment as a matter
11  of law."  Fed. R. Civ. Proc. 56(a).  The movant bears the
12  initial burden of "informing the district court of the basis for
13  its motion, and identifying [the documents] which it believes
14  demonstrate the absence of a genuine issue of a material fact."
15  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A fact is
16  material if it "might affect the outcome of the suit under the
17  governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
18  248 (1986).  Once the movant makes this initial showing, the
19  burden rests upon the nonmoving party to "set forth specific
20  facts showing that there is a genuine issue for trial."  Id.  An
21  issue of fact is genuine if "the evidence is such that a
22  reasonable jury could return a verdict for the nonmoving party."
23  Id.

24      D.   Analysis

25      Defendants argue Plaintiffs have, without justification,
26  "re-filed the exact same Motion for Summary Adjudication of the
27  Declaratory Relief Claim which was previously adjudicated and
28  ruled on."  Id. at 1-2, 7.  The Court agrees.

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

"The order of denial of summary judgment is an interlocutory decree" and "the court in its discretion may reconsider such order." Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp.656, 665 (E.D. Cal. 1986) (internal citations omitted). Thus, a district court has discretion to consider a second motion for summary judgment. Nightlife Partners, Ltd. v. City of Beverly Hills, 304 F Supp.2d 1208, 1214-1215 (C.D. Cal 2004) (internal citations omitted).  A renewed or successive summary judgment motion is appropriate if one of the following grounds exists: "(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) [the] need to correct a clear error or prevent manifest injustice."  Id. at 1215(internal citations omitted); see also Advanced Semiconductor Materials Am., Inc. v. Applied Materials, Inc., 922 F.Supp. 1439, 1442 (N.D. Cal 1996) ("a moving party may renew a motion for summary judgment notwithstanding denial of an earlier motion by showing a different set of facts or some other reason justifying renewal of the motion").

Plaintiffs do not contend there has been an intervening change in controlling law or that there is need to correct a clear error or prevent manifest injustice.  See Mot; Reply. Rather, Plaintiff asserts the grounds for this motion are an expanded factual record, particularly "new declarations and the recent deposition testimony of Defendants' expert."  Reply at 3.

However, while there are new declarations and new deposition testimony, Plaintiffs raise the same argument that this Court previously considered and rejected: that they are

5

1    entitled to summary judgment based upon Defendants' failure to

2    exhaust their administrative remedies.  Mot. at 1, 19-20; Reply

3    at 5-6.  Specifically, they stress the fact that Defendants had

4    a 60-day period to file a protest of the 2011 Bureau of Land

5    Management ("BLM") Cadastral Survey "which expired on October

6    16, 2012" yet failed to do so.  Mot. at 7.  However, Plaintiff

7    raised and the Court specifically rejected this argument in its

8    prior order: "Plaintiffs … do[] not meaningfully respond to

9    Defendants' argument that disputed issues of fact preclude

10   summary adjudication.  Instead, they double-down on <u>their theory</u>

11   <u>that Defendants failed to timely exhaust their administrative</u>

12   <u>remedies</u> and are now using a 'backdoor approach' to 'completely

13   contradict and challenge the BLM Survey.'  Despite these

14   accusations, Plaintiffs are the only ones who seek to muddle the

15   distinction between interpreting the BLM's survey and

16   challenging the validity of that survey.  Citing to the APA, 5.

17   U.S.C. § 704,  Plaintiffs argue the Court is without authority

18   to interpret the BLM Survey.  This argument misses the mark.

19   The APA allows courts to review the accuracy of an

20   administrative decision under certain circumstances.  5 U.S.C. §

21   702.  It does not curtail the Court's ability to discern how an

22   agency's decision applies to a set of facts.  As explained

23   above, Defendants do not challenge the accuracy of the BLM

24   Survey; they challenge Plaintiffs' reading of it."  Prior Order

25   at 9-10 (internal citations omitted)(emphasis added).  The same

26   reasoning holds true here.

27        The disputed issues of fact that led the Court to deny

28   Plaintiffs' prior motion again preclude summary judgment.  <u>See</u>

1  Defs.' Response to Statement of Undisputed Facts ("RSUF") ¶¶ 7,

2  8, 16, 18, ECF No. 54-1.  Defendants are not challenging the

3  validity of the 2011 BLM Survey or the fact that they did not

4  object to the Survey.  Prior Order at 9; Opp'n at 2.  Rather,

5  Defendants dispute Plaintiffs' interpretation of the Survey,

6  particularly where it sets the "western boundary of Plaintiffs'

7  20-acre Parcel 2."  Opp'n at 8; RSUF ¶¶ 7, 8, 18.  Plaintiffs

8  interpret the Survey as reinstating the Knox corner marker to

9  Parcel 2 and thus including the disputed strip of land in Parcel

10  2.  Mot. at 3-6.  Defendants disagree.  See Opp'n at 2-3, 7-8.

11  These are material issues of fact.  See U.S. v. State Inv. Co.,

12  264 U.S. 206, 2011 (1924) (instructing that questions of "where

13  the line run by a survey lies on the ground, and whether any

14  particular tract is on one side or the other of that line, are

15  questions of fact").

16      Accordingly, Plaintiffs have not demonstrated proper

17  grounds for bringing this second motion let alone that they are

18  entitled to summary adjudication.  See Nightlife Partners, Ltd.,

19  304 F Supp.2d at 1214-1215; see also Advanced Semiconductor

20  Materials Am., Inc., 922 F. Supp. at 1442.

21      E.   Sanctions

22      Under Federal Rule of Civil Procedure 11(c)(3), a court may

23  order a party to show cause why Rule 11(b) has not been violated

24  and why sanctions should not be imposed.  Rule 11(b)(1) provides:

25  "By presenting to the court a pleading, written motion or other

26  paper – whether by signing, filing, submitting, or later

27  advocating it – an attorney or unrepresented party certifies that

28  to the best of the person's knowledge, information, and belief,

7

formed after an inquiry reasonable under the circumstances: (1) it is not presented for any improper purpose, such as to . . cause unnecessary delay or needlessly increase the cost of litigation."

Plaintiffs are ordered to show cause why filing this second motion for summary adjudication – based on the same arguments that the Court already considered and rejected – did not violate Rule 11(b)(1).  Plaintiffs shall file their response within ten (10) days of this order.

## III.   ORDER

For the reasons set forth above, the Court DENIES Plaintiffs' motion for summary adjudication on their declaratory judgment claim.

IT IS SO ORDERED.

Dated: July 20, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE