UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRINDSTONE INDIAN RANCHERIA and ONE HUNDRED PLUS MEN, WOMEN AND CHILDREN LIVING ON THE GRINDSTONE INDIAN RESERVATION,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TERRANCE OLLIFF, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-02292-JAM-JDP<br><br>**ORDER DENYING PLAINTIFFS' RULE 60(b) MOTION FOR RELIEF FROM THE COURT'S DENIAL OF PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION** |

With their present motion,[1] Plaintiffs attempt to take a third bite at the apple. See Pls.' Mot. for Relief ("Mot."), ECF No. 65. This attempt fails. For the reasons set forth below, Plaintiffs' motion is denied.

I.  PROCEDURAL BACKGROUND

On July 2, 2019, Plaintiffs filed a motion for summary adjudication on their declaratory relief claim. See Pls.' Mot. for Summ. Adjudication ("First Mot."), ECF No. 29. On August 14,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 16, 2021.

1

2019, the Court denied that motion. See August 2019 Order, ECF No. 37.

On April 6, 2021, Plaintiffs moved again for summary adjudication on the same declaratory relief claim. See Pls.' Mot. for Summ. Adjudication ("Second Mot."), ECF No. 52. Citing to "new declarations and the recent deposition of Defendants' expert," Plaintiffs insisted their second motion was not identical to their first motion and that summary judgment was now warranted. Pl.'s Reply in support of Second Mot. at 3, ECF No. 55. The Court disagreed. See generally July 2021 Order, ECF No. 59. Thus, on July 21, 2021, the Court denied Plaintiffs' renewed motion and ordered Plaintiffs to show cause why the second motion based on the same arguments the Court already considered and rejected did not violate Rule 11(b)(1). Id. at 8. Plaintiffs submitted their response, see Pl.'s Response, ECF No. 60, and the Court declined to impose Rule 11 sanctions, see Minute Order, ECF No. 61.

Plaintiffs now bring a Rule 60(b) motion for relief from the Court's July 2021 Order denying their second motion for summary adjudication on the declaratory relief claim. See generally Mot. Plaintiffs contend the Court made an error of law in denying the motion. Id. Defendants filed an opposition. See Opp'n, ECF No. 68. Plaintiffs replied. See Reply, ECF No. 69.

II. OPINION

The parties first dispute whether the Plaintiffs' motion is procedurally proper. Opp'n at 3-4; Reply at 2. Specifically, Plaintiffs bring the motion under Rule 60(b), but Defendants

1  contend that it is an improper Rule 60(b) motion because that
2  rule relates only to final orders.  Opp'n at 3.  As Defendants
3  explain, an order denying summary judgment is an interlocutory
4  decree and therefore not a final order that can be challenged
5  under Rule 60(b).  Id.  In support of their position, Defendants
6  cite to Wilkins-Jones v. Cnty. of Alameda, No. C-08-1485 EMC,
7  2012 WL 3116025, at *2-3 (N.D. Cal. July 31, 2012), and BlueEarth
8  Biofuels, LLC, v. Hawaiian Elec. Co., Inc., Civ. No. 09-00181
9  DAE-KSC, 2011 WL 1230144, at *4-5 (D. Hawaii March 28, 2011).
10 Id.  Both of these case support Defendants' position that Rule
11 60(b) applies only to final orders or judgments and that a
12 partial summary judgment order, like the one at issue here, is
13 not a final order.  So does the language of Rule 60(b) itself.
14 See Fed. R. Civ. P. 60(b) ("the court may relieve a party or its
15 legal representative from a final judgment, order or
16 proceeding")(emphasis added).
17     Plaintiffs do not address either Wilkins-Jones or BlueEarth
18 Biofuels, LLC.  See Reply.  Significantly, Plaintiffs have no
19 response to the BlueEarth Biofuels, LLC court's clear statement
20 that partial summary judgment orders are "not appealable final
21 orders" because they "do not dispose of all claims and do not end
22 the litigation on the merits."  2011 WL 1230144, at *5.
23     In short, Plaintiffs use of Rule 60(b) as a vehicle to
24 challenge the Court's July 2021 Order denying partial summary
25 adjudication is improper.  The Court thus construes Plaintiffs'
26 motion as a one for reconsideration.
27     The Federal Rules of Civil Procedure do not expressly
28 provide for motions for reconsideration.  But where

3

reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000). "The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal." Id. The Eastern District local rules too permit motions for reconsideration but require counsel to identify "the material facts and circumstances surrounding each motion for which reconsideration is sought, including: (1) when and to what Judge or Magistrate the prior motion was made; (2) what ruling, decision, or order was made thereon; (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and (4) why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. Local R. 230(j). As other Eastern District courts have explained: "a motion for reconsideration is not a vehicle to reargue the motion or present evidence which should have been raised before." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001)(internal citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Id. (internal citations and quotation marks omitted).

Here, Plaintiffs fails to carry their burden to show reconsideration is warranted. Plaintiffs present only one ground not before the Court when it ruled on Plaintiffs' second motion for summary judgment: the Oregon Court of Appeals case <u>Dykes v. Arnold</u>, 204 Or.App. 154 (Or. Ct. App. 2006). <u>See</u> Mot. at 12-13; <u>see also</u> Exh. to Mot., ECF No. 65-1. But even though Plaintiffs may have recently discovered this case, <u>Dykes</u> is a 2006 case, decided well before the Court issued its July 2021 Order denying summary adjudication. Plaintiffs therefore had the opportunity to raise <u>Dykes</u> in its previous motion. They failed to do so. <u>See</u> Second Mot.; <u>see also</u> Reply in support of Second Mot. That Plaintiffs may have discovered this case for the first time recently is of no import. The inquiry under the local rule is whether "new facts or circumstances… <u>which did not exist at the time of the prior motion</u>" are present. E.D. Cal. Local R. 230(j)(emphasis added). Here, <u>Dykes</u> clearly existed at that time. Further, an Oregon Court of Appeals decision, <u>Dykes</u> is not binding authority.

Nor does the substance of <u>Dykes</u> support Plaintiffs' position that the Court that it erred in denying their motion. <u>See</u> 204 Or.App. 154. In <u>Dykes</u>, plaintiff-landowners brought an ejectment action against the defendant-landowner who owned adjacent lots of land over a disputed strip of land between their lots. <u>Id.</u> As relevant here, the <u>Dykes</u> Court did <u>not</u> rely upon 43 U.S.C. Section 752 in affirming the lower court's decision to dismiss the ejectment action, quiet title to defendant, and declare plaintiffs had a perpetual easement to defendant's adjacent property. <u>Id.</u> at 179 (stating "federal law says nothing-one way

5

or the other"). Because the Dykes Court did not rely upon Section 752 to reach its decision, that case does not support Plaintiffs' legal argument here that Section 752 or Dykes interpretation of Section 752 controls this case. See Reply at 2-3.

In sum, in addition to being presented in an untimely manner, Dykes is not controlling caselaw warranting reversal of the Court's prior Order. Dykes does not eliminate the disputed issues of material fact identified by the Court in its prior Order either. See July 2021 Order at 6-7.

Lastly, as to (1) the "new" testimony from Defendants' expert and (2) the Section 752 arguments Plaintiffs raise in their motion and reply, both were before the Court when it denied Plaintiffs' motion in July. See Second Mot. Thus, neither constitutes a new fact or circumstance that was not present at the time of the prior motion. E.D. Cal. Local R. 230(j). Rather, both represent "recapitulation of the . . . arguments considered by the court" previously. Westlands Water Dist., 134 F.Supp.2d at 1131. This too is insufficient to warrant reconsideration.

## III.   ORDER

For these reasons, Plaintiffs have not persuaded the Court to reconsider its prior decision. Plaintiffs' Motion is DENIED.

The Court further orders Plaintiffs' counsel to submit a declaration showing cause why Rule 11 sanctions should not be imposed. Plaintiffs third motion concerning the same issues, on its face, arguably has been presented for the improper purpose of

causing unnecessary delay and needlessly increasing the cost of litigation. Defendants are invited to submit a declaration with supporting documentation setting forth the attorneys' fees incurred in opposing this most recent motion.  Both submissions should be filed by December 3, 2021.

   IT IS SO ORDERED.

Dated: November 24, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE